EDWARDS & McCULLOCH LUMBER CO. *vs.* L. P. BAKER.

Opinion filed April 25th, 1893.

**Bill of Exceptions—Settlement and Signing.**

> After a trial judge has decided and announced what shall be embodied in a bill of exceptions, it is not his duty to engross the bill in accordance with his decision, and he cannot be said to have neglected to settle such bill unless he neglects to sign the bill after it is presented to him for signature, engrossed as settled by him.

Appeal from District Court, Richland County; *Lauder*, J.

Action by the Edwards & McCulloch Lumber Company against L. P. Baker. Defendant moved to dismiss an appeal taken by plaintiff. Motion allowed.

*McCumber & Bogart*, for appellant.
*W. E. Purcell* and *L. B. Everdell*, for respondent.

CORLISS, J. The motion to dismiss the appeal, we think, must be granted. The appeal was taken too late, unless the appellant has brought himself within the provisions of an act approved January 9th, 1893, providing, in substance, that when a bill of exceptions is submitted to a judge for settlement within 60 days after service of written notice of an order, and at least 8 days before the expiration of such period of 60 days, and the judge neglects to settle the bill within such period of 60 days, the party appealing may have 30 days after the settlement of such bill in which to appeal. The burden is, of course upon the appellant to bring himself clearly within this exception. The question is jurisdictional, and cannot be left in doubt. It appears from the affidavits of several persons, including that of the trial judge, that before the 60 days had expired he had decided what should be embodied in the bill, and had so informed appellant's counsel. At that time the bill, as so settled, had not been engrossed. It is not the duty of the trial judge to do this. He is to take the proposed bill and the amendments, and determine what the bill shall contain; and it is then his duty to sign the bill, as settled, when it is

engrossed and submitted to him for signature. Haynes, New Trials & App. § 156. It further appears from some of the affidavits that the judge informed appellant's counsel that he was ready to sign the bill, as settled, any time it should be put in form and submitted to him, and that appellant's counsel expressed dissatisfaction with the ruling of the judge as to the matters to be embodied in the bill, and intimated that he would apply to the Supreme Court to have the bill settled. If these facts are true, the trial judge did not neglect to settle the bill within the 60 days. They are, in the main, controverted. We do not believe that there is any intentional misstatement of fact on either side. We simply hold that there is a failure to make out, by a preponderance of proof, that the case falls within the exception, and the general rule regulating the time in which to appeal from an order must therefore govern. The appeal having been taken too late, the motion to dismiss is granted. All concur.