JOHN FELBER *vs.* SOUTHERN MINNESOTA RAILWAY COMPANY.

July 22, 1881.

**Appeal—Order as to Costs.**—An order setting aside the taxation and allowance, by the clerk, of costs and disbursements in favor of the defendant, and that disbursements be taxed in favor of the plaintiff, is not an appealable order.

Appeal by defendant from an order of the district court for Faribault county, *Dickinson, J.,* presiding, setting aside the clerk's taxation of costs, etc.

*Benj. G. Reynolds,* for appellant.

In all actions for the recovery of money only, of which a justice of the peace has jurisdiction, the plaintiff, (suing in the district court,) if he recover less than $50, shall pay the defendant's costs and disbursements. Gen. St. 1878, *c.* 67, § 3. A justice has jurisdiction of an action for an injury to personal or real property, if the damages claimed do not exceed $100. Gen. St. 1878, *c.* 65, § 5.

In such actions the jurisdiction of the justice depends entirely on the amount the plaintiff may see fit to claim. *Turner* v. *Holleran,* 8 Minn. 401 (451;) *Greenman* v. *Smith,* 20 Minn. 418. And though Const. art. 6, § 8, and Gen. St. 1878, *c.* 65, § 6, deny jurisdiction to a justice in any cause involving the title to real estate, yet, to oust the justice of jurisdiction, it is not enough that the title to real estate is in issue in the pleadings. It is only when it appears from the evidence that the title to real estate is involved that a justice has no jurisdiction to try the action. *Goenen* v. *Shroeder,* 8 Minn. 344 (387.)

*M. W. Greene,* for respondent.

The character of the action is determined by the pleadings. The issue of title to real estate is raised therein, and it is certain that a justice of the peace could not try and determine that issue. The action was brought in the district court. The defendant raised the question of title by his answer. It cannot be presumed that, had the action been in a justice's court, the defendant would have admitted plaintiff's title, either in his answer or in the evidence. Acting on the belief that the issues joined would be the issues tried, the plain-

tiff proceeded to trial in the district court. The liability of the defendant to pay costs was created when he raised the question of title; and where an issue of title to real estate is joined, the defendant cannot relieve himself from liability to pay costs, by admitting plaintiff's title on the trial. 2 Whittaker's Practice, § 333; *Niles* v. *Lindsley*, 1 Duer, 610; 8 How. Pr. 131; *Snyder* v. *Beyer*, 3 E. D. Smith, 235.

CLARK, J.* This action was brought in the district court, for damages for injuries to real estate. The amount claimed in the complaint was only $68. The plaintiff had a verdict for five dollars damages. The issue of title to real estate was raised upon the pleadings, but not upon the evidence. The defendant gave notice of taxation of costs and disbursements, and the clerk taxed and allowed them at $72.40, and judgment was entered for the defendant for that amount, less the five dollars damages. The plaintiff objected before the clerk that the defendant was not entitled to costs or disbursements, claiming that he was entitled, and he caused the taxation by the clerk to be duly certified to the court, with his objections, for review. The court duly heard the matter, and made an order setting aside the taxation and allowance of costs and disbursements in favor of the defendant, and directing disbursements to be taxed in favor of the plaintiff, from which order the defendant appealed to this court.

The plaintiff moves here for a dismissal of the appeal, on the ground that the order appealed from is not an appealable order. It has been often held by this court that an order for judgment is not appealable, and it follows that an order establishing the rights of parties with respect to costs, where nothing remains to be done but to enter judgment, or to correct a judgment already entered, in pursuance of the order, is not appealable. In this case, the judgment having been entered, in accordance with the clerk's action, in favor of the defendant, for its taxed costs and disbursements, the plaintiff's damages being deducted therefrom, the order afterwards made amounted to a direction that such judgment be vacated, and judgment entered for the plaintiff for his damages, assessed by the jury at five dollars, and his disbursements. The order appealed from was

*Dickinson, J., having made the order appealed from, took no part in this decision.

not a final order, and did not prevent a judgment from which an appeal might be taken; and it could only be properly reviewed, as an intermediate order, upon an appeal from the judgment entered or corrected in pursuance of it.

As the case was fully argued upon the merits, we deem it proper to add, to prevent further litigation, that we are of opinion that the defendant was entitled to its costs and disbursements in this case.

Appeal dismissed.