(74 N. W. Rep. 241.)

---

## *In re* EATON.

Opinion filed April 8th, 1898.

**Costs—Disbarment of Attorney.**

> In a disbarment proceeding instituted under § 434 of the Revised Codes, no costs or disbursements can be recovered by either party.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Proceeding for the disbarment of Robert A. Eaton, attorney-at-law. A judgment of disbarment was reversed, 4 N. D. 514,

and the cause remanded, with directions to dismiss. A motion by defendant for the allowance of his costs was denied, and he appeals from the final judgment of dismissal.

Affirmed.

*Robert A. Eaton, in pro per.*

The office of attorney is a *quasi* public one, all persons are interested in his rectitude, any person may oppose his admission or may move to suspend or disbar him. *Gooch* v. *Peebles,* 11 S. E. Rep. 420; *Matter of Mosness,* 39 Wis. 509, 20 Am. Rep, 55; *State* v. *Garesche,* 36 Mo. 260; *Ex parte Walls,* 73 Ind. 106. Some states do not permit private individuals to institute disbarment proceedings. 8 Cent. L. J. 253; *Matter of Brewster,* 12 Hun. 110; *Anon,* 22 Wend. 656; *Percys Case,* 36 N. Y. 651. North Dakota has by statute extended the right to private persons to prosecute such proceedings. Section 434, Rev. Codes; *Ex parte Alabama State Bar Association,* 8 So. Rep. 768; 12 L. R. A. 134. The code seems to regard every original application to a court of justice for a judgment or an order as a remedy. *Belknap* v. *Waters,* 11 N. Y. 477. A disbarment proceeding being a remedy other than an action is a special proceeding. Sections 5157, and 6097, Rev. Codes; *Matter of Dodd,* 27 N. Y. 633; Weeks on Atty's, 157; *In re Houghton,* 59 N. W. Rep. 733; *In re Orton,* 11 N. W. Rep. 584; *State* v. *Clarke,* 46 Ia. 158; *In re Eaton,* 4 N. D. 514; *State* v. *Root,* 5 N. D. 487. On the assumption that the proceedings were brought by Wineman and Carothers for the bar association, they are personally liable for the costs. Field on Corp. 179; Story Agency, 281; 22 A. and E. Enc. L. 806–816; *Thompson* v. *Garrison,* 22 Kan. 765; *Lewis* v. *Tilton,* 64 Ia. 220; *Fredenall* v. *Taylor,* 23 Wis. 538, 99 Am. Dec. 203; *McCarter* v. *Chambers,* 22 Am. Dec. 556; *Herod* v. *Rodman,* 16 Ind. 241; *Heath* v. *Gaslin,* 80 Mo. 310. In any event appellant is entitled to his costs against the persons who unsuccessfully prosecuted him for his disbarment. *Ex parte Alabama State Bar Association,* 92 Ala. 113, 8 So. Rep. 768; 12 L. R. A. 134; *In re Bowman,* 8 Cent. L. Jr. 253; *Montray* v. *Peo.,* 44

N. E. Rep. 498; *State* v. *Kemp*, 82 Mo. 213. The committee will have recourse to the other members of the bar association who voted for the proceedings for reimbursement. *Volger* v. *Ray*, 131 Mass. 439; *Ray* v. *Powers*, 134 Mass, 22; *Ash* v. *Guie*, 97 Pa. St. 493; *Lizer* v. *Daniels*, 66 Barb. 426.

*R. M. Carothers*, and *J. B. Wineman*, for the proceedings.

A disbarment proceeding is not a remedy. 20 A. and E. Enc: L. 971. It is of a public nature and *quasi* criminal. It involves the control of the court over its officers and however terminating will neither enforce or vindicate a private right. By this circumstance it is excepted from the class of ordinary prosecutions set on foot by one party against another. *In re Attorney*, 83 N. Y. 166. It is the duty of the court to cause charges to be preferred against its offending officers. *Farlin* v. *Snook*, 1 Pac. Rep. 128; *In re Percy*, 36 N. Y. 652; *State* v. *Burr*, 28 N. W. Rep. 269. Both admission and removal of attorneys are judicial acts and judges are not liable to civil action unless they act corruptly. Weeks on Atty's, § § 90–157–190; *Stewart* v. *Cooley*, 23 Minn. 350; *Ex parte Bradley*, 7 Wall. 364; *Bradley* v. *Fisher*, 13 Wall. 335; *Yates* v. *Lansing*, 6 Am. Dec. 290. It is the duty of any attorney to bring to the notice of the court the misdoings of another attorney. *Bar Association* v. *Taylor*, 13 L. R. A. 767. Public policy demands that the court and public be protected against unworthy practitioners. *In re Gates*, 2 At. Rep. 214. Disbarment proceedings are of a public nature. An injured client cannot dismiss proceeding begun by himself. *In re Davis*, 93 Pa. St. 116; *In re Knott*, 12 Pac. Rep. 780; *In re Chandler*, 63 N. W. Rep. 67. Neither can a bar association control them. *McCarthy's Case*, 42 Mich. 71. The informants do not prosecute as a matter of their own, and are therefore not parties in the legal sense. *Bar Association* v. *Taylor*, 12 L. R. A. 767; *Peo.* v. *Palmer*, 61 Ill. 259. Costs cannot be adjudged against one not a party. *Storthmeyer* v. *Zeppenfeld*, 28 Mo. App. 143; *Moore* v. *Mann*, 29 Me. 559; *Wallace* v. *Espy*, 68 Ill. 143. Nor in the absence of express statutory authority. 5 Enc. Pl. and Pr. 111.

WALLIN, J. This is a disbarment proceeding, brought under section 434 of the Revised Codes. The District Court entered a judgment suspending the accused from practice as an attorney-at-law. This court, on appeal reversed the judgment of the District Court, and directed the court below to enter a judgment reversing its former judgment, and dismissing the proceeding. See *In re Eaton*, 4 N. D. 514, 62 N. W. Rep. 597. The record now before us discloses the following facts: In October, 1895, and pursuant to the direction of this court so to do, an order was made and entered in the District Court annulling said judgment of suspension, and dismissing the proceedings. This order is silent as to the costs of the proceeding. Later, and in January, 1896, the matter of the costs was brought before the District Court, and was disposed of by an order as follows: "The order to show cause entered herein on the 30th day of December, A. D. 1895, citing the petitioners in the above entitled proceeding to show cause why the respondent, Robert A. Eaton, should not have his costs and disbursements herein adjusted in his favor and against the petitioners, J. B. Wineman and R. M. Carothers, having come on for hearing before the undersigned trial judge, all parties appearing personally, and the matter herein having been considered, it is now hereby ordered that the application of said respondent for such adjustment be, and the same is hereby, denied." Thereafter, and in August, A. D. 1896, judgment was entered annulling the judgment of suspension, and dismissing the proceeding; but said judgment gave no costs or disbursements, and was wholly silent as to the costs and disbursements of the proceeding. From the last mentioned judgment, the respondent appeals to this court, and claims here that the court below erred in not giving him a judgment for his costs and disbursements, and this is the sole question involved on this appeal.

Appellant's contention, briefly stated, is that a disbarment proceeding under the statute, being neither a civil nor a criminal action proper, is necessarily a "special proceeding," citing Rev. Codes, § § 5155–5160, and contends further, that, under various

provisions of the code, costs and disbursements are awarded to the successful litigant in a special proceeding. Our first view of the case was (conceding that a disbarment proceeding is a special proceeding, within the meaning of the code) that defendant had lost his right to have the matter of the costs reviewed in this court by failing to appeal from the order of the District Court refusing to allow him his costs. The judgment as entered failing to embody any adjudication as to costs, we were led into holding that the question was not raised on the record. Further investigation has led us to change our views in this respect. We now think that the order disallowing the costs was in its nature an order requiring a judgment to be entered of a particular characacter, viz. a judgment without costs, and such a judgment was entered. A mere order for judgment is nonappealable, while, on the contrary, an order for judgment is reviewable on appeal from the judgment. The order preceding the judgment was not a final order. See *Felber* v. *Railroad Co.*, 28 Minn. 156, 9 N. W. Rep. 635; *Closen* v. *Allen*, 29 Minn. 86, 12 N. W. Rep. 146; *Dooly* v. *Morton*, 41 Cal. 439; *In re Weber*, 4 N. D. 119, 59 N. W. Rep. 523. We are of the opinion that, under the authorities cited, the question of the right of the respondent to recover the costs and disbursements of the proceeding arises upon the record, and must therefore be disposed of upon its merits.

We have decided to hold that neither costs nor disbursements can be recovered in a proceeding of this character. It must be conceded, however, that, in a certain broad sense, the contention of the appellant that this proceeding is a "special proceeding" is correct. It is special, in that it is neither a civil action nor a criminal action, but is, on the contrary, a remedy in court, which is readily distinguishable from both, not only with respect to the objects sought in actions, but as well with respect to the procedure which governs in actions. For purposes of general classification, such as was attempted to be made by the code makers in the sections thereof already cited, this proceeding is certainly a

special proceeding. But while the point is somewhat embarrassing, and not wholly free from doubt, we are inclined to hold, following precedents already made by this court, that it was not the legislative purpose, in making the general classification of remedies in court, to settle all details of practice and procedure in such purely statutory proceedings as the legislature might have authorized or might thereafter see fit to authorize, regardless of their objects or character. Doubtless it was the legislative purpose, by this broad classification, to embrace all special proceedings proper; *i. e.* such proceedings as gave remedies in court through the agency of the remedial writs which had been adopted at the common law, and had, when the code was adopted, a recognized status and name in court procedure, and which were then well known to the profession under the name of special proceedings. These remedial writs with their statutory modifications, were clearly in the mind of the code makers, and are, by universal consent, governed by the provisions of the Code of Civil Procedure, so far as the code attempts to deal with the same, including the regulations governing costs, disbursements, and appeals. But this court held in *State* v. *Davis*, 2 N. D. 461, 51 N. W. Rep. 942, that a proceeding for the punishment of a criminal contempt, which is clearly a remedy had in court, and which is certainly not an action, either civil or criminal, could not be classed with "special proceedings" for the purposes of an appeal to this court from a final order punishing the accused for a criminal contempt. See, also, *Myrick* v. *McCabe*, 5 N. D. 422, 67 N. W. Rep. 143. The Davis case is a precedent which commits this court to the theory that a remedial proceeding in court, which is neither a civil nor a criminal action, need not necessarily be classed as a special proceeding for all purposes. We are still of the opinion that this theory, if maintained, will tend to promote the orderly administration of the law, and thereby promote the ends of justice. Under the statute, this proceeding may be commenced either by the direction of the court, or upon the motion of any individual without the direction or permission of the court. If the court directs an attorney to

institute the proceeding, it possesses the power to compel obedience to the order; and, whether an attorney acts upon his own motion or pursuant to an order of court, there is no provision of law whereby he can be compensated for his services. In theory, the attorney who prosecutes acts as impartially and disinterestedly as the judge who presides in such a proceeding; and both act wholly for a public object, and that object is the purification of the bar and the protection of the court and the public from the evil consequences sure to result from allowing an unworthy person to exercise the official functions of an attorney-at-law. The legislature, whether wisely or not, has not seen fit to provide in this statute for the recovery of either costs or disbursements by either side; but it is expressly provided that only the accused can appeal from the judgment. The effect of this is, of course, to prevent the attorney who prosecutes, and against whom costs may be adjudged, from having the merits reviewed for the purpose of showing that the matter was erroneously decided against the prosecution. He would, under this theory, be compelled to pay costs, without the privilege of attempting to show in this court that he was erroneously cast in his suit, and that judgment should have been in his favor. Nor could such prosecutor have the consolation of knowing that his services for the public good would be compensated out of the public treasury. They are not so compensated. It is, moreover, wholly without precedent in this state to award costs to a person who is unsuccessfully prosecuted for public ends. We think, too, that the legislature, in denying the right of appeal to the prosecution in a disbarment case, has intentionally taken the proceeding out of the category of cases in which costs are awarded, and the right of appeal to both sides is secured. In brief, our conclusion is that, on account of the anomalous and wholly unique character of a disbarment proceeding, costs should not be awarded to either party in the proceeding, in the absence of express legislative authority. There is in this state no such authority.

The judgment will be affirmed, without costs in this court. All concur.