JOHN TRACY v. W. A. SCOTT AND H. O. WHEELER.

Opinion filed December 12, 1904.

**Special Proceeding.**

1. The procedure by which an injunction against the foreclosure of a mortgage by advertisement may be obtained under section 5845, Rev. Codes 1899, is not a special proceeding within the meaning of that term as used in the Code.

**Appealable Order.**

2. An order denying a motion to vacate such injunctional order is not appealable.

*ON PETITION FOR REHEARING.*

**Costs.**

3. The respondent is entitled to costs upon the dismissal of an appeal from an order which is not appealable.

Appeal from District Court, Barnes county; *Glaspell,* J.

Action by John Tracy against W. A. Scott and H. O. Wheeler. Judgment for plaintiff and defendants appeal.

Dismissed.

*J. E. Robinson,* for appellants.
*Winterer & Winterer,* for respondent.

ENGERUD, J. Appellants commenced proceedings to foreclose a mortgage of real property by advertisement under the power of sale contained in the mortgage. The respondent obtained from the judge of the district court an order enjoining further proceedings under the power of sale. The order was applied for and issued under the provisions of section 5845, Rev. Codes 1899, which provides, in substance, that when, in case of foreclosure by advertisement, it shall be made to appear to the satisfaction of the judge of the district court by affidavit of the mortgagor, his agent or attorney, that the mortgagor has a legal counterclaim or defense against the collection of the whole or any part of the mortgage debt, such judge may, by an order, enjoin the foreclosure by advertisement, and direct that all further proceedings for the foreclosure be had in the district court. The mortgagee and his attorney, W. A. Scott, thereupon applied to the district court to vacate the injunctional order. The motion was denied, and the mortgagee and his attorney joined in an appeal to this court from an order denying the motion to vacate the injunctional order. The respondent contends that the order appealed from is nonappealable,

and moves to dismiss the appeal. A similar appeal was before this court in McCann v. Mortgage, Bank & Investment Co., 3 N. D. 172, 54 N. W. 1026. The question as to the right to appeal from the order was not discussed by counsel in that case, but the court expressly held that it was not appealable under subdivision 3, section 24, c. 120, p. 309, Laws 1891 (subdivision 5, section 5626, Rev. Codes 1899), and further expressed the opinion that the appeal could be sustained, if at all, only as an appeal from "a final order affecting a substantial right, made in a special proceeding." Subdivision 2, section 24, c. 120, p. 309, Laws 1891 (subdivision 2, section 5626, Rev. Codes 1899). The question has been fully argued before us, and we are satisfied that neither of the subdivisions of section 5626, Rev. Codes 1899, cited above, will sustain this appeal, and that the order is not appealable. The right to appeal does not exist unless its is given by statute. If there is any appeal from the order in question, the right thereto must be found in chapter 14, Code Civ. Proc. (Rev. Codes 1899, sections 5603 5632). The first section (5603) of that chapter limits the right of appeal to judgments and orders "in a civil action or in a special proceeding." Section 5626 still further confines the right of appeal to those judgments and orders specifically enumerated therein. That section, instead of enlarging, restricts the right of appeal, and has reference only to such orders and judgments as are described in general terms in section 5603—judgments and orders in a civil action or in a special proceeding. In view of the numerous decisions of this court involving the meaning of the statutory term "special proceeding," it is very clear that the procedure to obtain the injunctional order provided for in section 5845, Rev. Codes 1899, does not come within the meaning of that term as used in the statute granting the right of appeal. See State v. Davis, 2 N. D. 461, 51 N. W. 942; Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; In re Eaton, 7 N. D. 269, 74 N. W. 870; Carruth v. Taylor, 8 N. D. 166, 77 N. W. 617. The reasoning of the court in the Eaton case is applicable to the case at bar. It was a proceeding to disbar an attorney. The proceedings were dismissed, and the defendant claimed that he was entitled to recover his costs and disbursements, because costs were allowed by statute to the successful party in a special proceeding; and he contended that a disbarment proceeding came within the statutory definition of that term. In that case, as in this, attention was called to the provisions of the Code (sections 5155-5157) which

classify remedies into actions and special proceedings, and provide that every remedy other than an action is a special proceeding. The right to costs was denied. Following precedents established by former decisions, the court held "that a remedial proceeding in court, which is neither a civil nor a criminal action, need not necessarily be classed as a special proceeding for all purposes." The court further said (page 274, 7 N. D., page 871, 74 N. W.) : "That it was not the legislative purpose, in making the general classification of remedies in court, to settle all details of practice and procedure in such purely statutory proceedings as the legislature might have authorized or might thereafter see fit to authorize, regardless of their objects or character. Doubtless it was the legislative purpose, by this broad classification, to embrace all special proceedings proper, i. e. such proceedings as gave remedies in court through the agency of the remedial writs which had been adopted at the common law, and had, when the Code was adopted, a recognized status and name in court procedure, and which were then well known to the profession under the name of 'special proceedings.' These remedial writs, with their statutory modifications, were clearly in the minds of the Code makers, and are, by universal consent, governed by the provisions of the Code of Civil Procedure so far as the Code attempts to deal with the same, including the regulations governing costs, disbursements, and appeals." That opinion is decisive of the case at bar. The Supreme Court of South Dakota, in the case of Commercial National Bank v. Smith, 1 S. D. 28, 44 N. W. 1024, held that an order of this nature was not appealable, because it was an order of the judge, and not an order of the court. It is doubtful if that distinction is possible in this state in view of section 5178, which seems to abolish all distinctions between the acts of a district judge as such and the acts of the court.

It was urged by counsel for appellant that, if the motion to dismiss the appeal should be sustained, we ought nevertheless to retain the papers and pass upon the validity of the injunctional order. A formal motion to that effect has been made. We cannot assume jurisdiction over any controversy in such an arbitrary and anomalous manner. The dismissal of this appeal does not preclude the appellant from seeking and obtaining such relief from the order complained of as he may be entitled to in appropriate proceedings.

The appeal is dismissed. All concur.

## ON PETITION FOR REHEARING.

The respondents are entitled to the costs of this appeal. Section 5582, Rev. Codes 1899, provides: "When an action has been dismissed from any court for want of jurisdiction or because it has not been regularly transferred from an inferior to a superior court, the costs must be adjudged against the party attempting to institute or bring up the action." We think this statute was intended to apply to cases such as the one at bar. It was plainly designed to authorize the court to allow costs to the prevailing party where he has been improperly brought into any court, and to vest the court with jurisdiction to the extent of allowing costs, although it has no jurisdiction of the merits. This being the plain intent of the law, it is the duty of the court to so construe the language used as to "effect its object and to promote justice." Rev. Codes 1899, section 5147. The word "action" was evidently not used in its technical sense, but in this connection means any form of proceeding instituted in court. This construction does not conflict with the Eaton case, 7 N. D. 269, 74 N. W. 870. In that case the appeal was not dismissed for want of jurisdiction, but costs were refused to the party prevailing on the merits by reason of the "anomalous and wholly unique character of a disbarment proceeding."

The petition for rehearing is denied. All concur.