W. J. WOODS, Petitioner, below, against Maggie Woods, Sidney Woods, Wesley Woods, Ruth Woods, Ruby Woods, and Archibald Woods, Respondents below, v. H. H. TEESON, S. T. Sowka, Carpenter & Lizakowski and Ben A. Sell, Exceptants.

(154 N. W. 797.)

**Surviving husband or wife — children of deceased — exemptions — additional exemption — heads of families — absolute exemptions — repeal of laws — Probate Code.**

1. The surviving husband or wife of a deceased person, or in case of his or her death the minor children of a deceased person, are entitled under the provisions of § 8725 of the Compiled Laws of 1913 to "all the personal property of the testator or intestate which would be exempt from execution, if he were living, including all property absolutely exempt and other property selected by the person or persons entitled thereto to the amount in value of $1,500," and this additional exemption of $1,500 can be claimed in addition to the property absolutely exempt, and the amount thereof has not been reduced or affected by § 7731 of the Compiled Laws of 1913, which allows to the heads of families the sum merely of $500 in addition to such absolute exemptions.

**Heads of families — exemptions — Civil Code.**

2. Section 7731 of the Compiled Laws of 1913 is applicable merely to the heads of families, and is a part of the Civil Code, and does not relate to the survivors of a deceased person or to probate proceedings.

Opinion filed October 18, 1915.

Appeal from the District Court of Walsh County, *Kneeshaw, J.*

Exception by creditors to the administrator's final account, and demurrer thereto sustained.

Affirmed.

*Gray & Myers,* for appellants.

Section 5128 of the Compiled Laws of 1887, created "a general present exemption" which the debtor by his selection converts into a specific exemption. Fore v. Fore, 2 N. D. 260, 50 N. W. 712.

"There shall be set apart absolutely to the surviving husband, wife, or minor children all the *personal property of the testator or intestate which would be exempt from execution if he were living."* Comp. Laws 1913, § 8725.

*H. C. De Puy,* for respondents.

It was the exemptions to heads of families alone, that the 1901 and 1911 legislatures deemed excessive, and such exemptions only that they intended to cut down. Laws 1907, chaps. 76 and 77; Laws 1911, chap. 132; Comp. Laws 1913, § 8725.

BRUCE, J. The proceedings which constituted the basis of this appeal were instituted in the county court of Walsh county. From the action of the county judge sustaining a demurrer to exceptions filed by certain creditors to the administrator's final account and allowing said account over said exceptions, an appeal was taken to the district court upon questions of law alone. From the order of the district court sustaining the order of the county court, this appeal is taken.

The sole question presented for determination by us is whether the county court erred in setting apart as exempt property of the value of more than $500 but less than $1,500, or whether such court should have limited the exemptions to not more than $500 and this in a probate proceeding where the claim for the exemptions was made by the widow and minor children of the deceased.

More specifically the question is: Does chapter 132 of the Session Laws of 1911, being § 7731 of the Compiled Laws of 1913, and which act is entitled: "Additional Exemptions Allowed *Heads* of *Families,"* and which only allows to such the sum of $500, apply in probate proceedings and to the widow and minor heirs of a deceased person? In other words, does it modify or amend § 6391 of the Revised Codes of 1895, being § 8725 of the Compiled Laws of 1913, which provides that

"there shall also be set apart absolutely to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution, if he were living, including all property absolutely exempt and other property selected by the person or persons entitled thereto to the amount in value of $1,500 according to the appraisement, and such property shall not be liable for any prior debt of the decedent except the necessary charges of his last sickness and funeral and expenses of the administration when there are no other assets available for the payment of such charges." We think it does not, and that the learned trial judge was therefore justified in sustaining the demurrer. We think, in short, that it was the intention of the legislature to allow to the surviving wife and minor children of a deceased person the sum of $1,500 as an exemption, as opposed to the $500 exemption which is allowed to one who is merely the head of a family.

Section 8725 of the Compiled Laws of 1913, which gives to the surviving husband or wife or minor children the $1,500 exemption, first appeared as § 6391 of the Revised Codes of 1895. The history of this provision and of § 7731 of the Compiled Laws of 1913, which gives to the *head of a family* an additional exemption of $500, and which, it is claimed, modifies § 8725 of the Compiled Laws of 1913, is as follows: Sections 5778 and 5779 of the Compiled Laws of 1887, being §§ 128 and 129 of chapter 5 of the Probate Code of 1877, provided that upon the death of either the husband or wife the survivor might possess, and, upon the death of both the husband and wife, the children might possess, the homestead and in addition thereto certain specified personal property such as books, wearing apparel, clothing, provisions, and furniture, to the value of the amount specified (Comp. Laws 1887, § 5779), "and in addition to the property mentioned in the preceding section there shall also be allowed and set apart to the surviving husband or wife or minor child or children of a decedent all such personal property or money as is exempt by law from levy and sale on execution or other final process from any court to be with the homestead possessed and used by them." Section 135 of the Probate Code, which is contained in the Revised Codes of 1877, had also provided that "if upon the return of the inventory of the personal estate of an intestate it appears that the value of the whole personal

estate does not exceed the sum of $1,500, the probate court by a decree for that purpose must assign for the use and support of the widow and minor child or children, if there be a widow or minor child and if no widow then for the children if there be any, the whole of the estate for the payment of the funeral expenses," etc., and this provision appears as § 5785 of the Compiled Laws of 1887. At the same time and prior to the passage of § 8725 of the Compiled Laws of 1913, and which first appeared as § 6391 of the Revised Codes of 1895 and as a part of the Probate Code, we find as a part of the Civil Code § 5127 of the Compiled Laws of 1887, which relates to debtors generally, and exempts from general execution all of the personal property mentioned in § 5778 of the Compiled Laws of 1887, except household and kitchen furniture. We also find § 5128, which reads as follows: "In addition to the property mentioned in the preceding section a debtor may by himself or his agent select from all other of his personal property not absolutely exempt, books, chattels, merchandise, money, or other personal property, not to exceed in the aggregate $1,500 in value which is also exempt and must be chosen and appraised as hereinafter provided." In 1891 and in the case of Fore v. Fore, 2 N. D. 260, 50 N. W. 712, this court held that under the statutes as then existing a widow was entitled to the absolute exemptions specified in § 5778 of the Compiled Laws of 1887, and in addition thereto to the additional exemptions to the amount of $1,500 which were allowed by § 5128 to the head of a family. In 1895 the codifiers eliminated both §§ 5778 and 5779 of the Compiled Laws of 1887, and enacted in their place and as a part of the Probate Code § 6391 of the Revised Codes of 1895, which is now contained in § 8725 of the Compiled Laws of 1913, and is as follows: "There shall also be set apart absolutely to the surviving wife or husband or minor children all the personal property of the testator or intestate which would be exempt from execution, if he were living, including all property absolutely exempt and other property selected by the person or persons entitled thereto to the amount in value of $1,500 according to the appraisement," etc. We thus find a plain intention that the provisions of the Probate Code which related to the exemptions of widows and minor children should, as far as possible, be comprehensive within themselves, and though the amount of additional exemptions was placed at $1,500 and at the same amount

as was allowed to debtors generally, the ascertainment of such amount was not made dependent upon a reference to the general exemption laws, reference to the general exemption laws only being necessary to determine what property was primarily and absolutely exempt. Following this and in 1897, the legislature by § 25 of chapter 111 of the Laws of 1897, and in an act which was entitled "An Act to Amend the Probate Code of the State of North Dakota," amended the provisions relating to the homestead of the surviving spouse by limiting it to the surviving husband or wife as long as he or she did not marry, and also by omitting the last clause of § 6389 of the Revised Codes of 1895, relating to the debts the homestead should be liable to. Thus the law remained from 1895 to 1901, and since this time no change has been made in the provisions of the Probate Code which relate to the exemptions of the surviving husband or wife or minor children of a deceased person. In 1901, however, the legislature as a part of the general *Civil* Code and by an act entitled "An Act to Amend §§ 324, 328, and 333 of the Code of Civil Procedure of the State of North Dakota, being §§ 5518, 5522, and 5528 of the Revised Codes of 1895 of the State of North Dakota, Relating to Exemptions," reduced the additional exemptions to *heads of families* to $1,000. See chapter 76 of the Laws of 1901. By chapter 132 of the Laws of 1911, being § 7731 of the Compiled Laws of 1913, the amount was again reduced to $500. The title to the act of 1911 was as follows: "Additional Exemptions allowed *Head of Family*. An Act to Amend § 7117 of the Revised Codes of North Dakota 1905, Relating to Additional Exemptions Allowed the Head of a Family Residing in North Dakota." It is to be noted that in neither the bodies of the preceding acts nor in the titles thereto was anything said concerning exemptions to husbands, widows, or minor children of deceased persons, and that the sections of the statutes specifically amended were those contained in the Civil Code and in the Civil Code alone.

It seems indeed quite clear to us that if the legislature had intended that the reduction of the exemptions in case of the head of the family from $1,500 to $1,000 and then from $1,000 to $500 should apply to the surviving husband or wife or minor children of a deceased person, that it would have said so, and would have amended the Probate Code provision as well as that of the Code of Civil Procedure. The

fact, indeed, that in the title to the act of 1901, reference was made merely to the Code of Civil Procedure and in the act of 1911, it was specifically stated that the act was in relation to additional exemptions allowed *heads of families* and was "An Act to Amend § 7117 of 'the Revised Codes of 1905, Relating to Additional Exemptions Allowed the Head of a Family," is full of significance. It would have been an easy matter to have amended the Probate Code provision as well as those contained in the Civil Code. From all of this we are convinced that it was the intention of the legislature to make a larger provision for windows and orphans than for the heads of families merely, thinking, no doubt, that the head of the family, being usually a man, could better take care of himself and of the family than could the widow or minor children if the father had died.

Nor do we see any merit in the contention of appellant that "unless we construe the language of the statute upon the theory that through the word 'including' the prior language of the statute is made to operate as a limitation upon all that which comes after, we have a very peculiar result. All that personal property that would have been exempt to the deceased if he were living must be set aside to the surviving husband, wife, or minor children, and *other property selected,* etc., must also be set apart. So construed, there is no limitation upon the character of the property which may be selected, and the person entitled thereto may make the selection out of either real or personal property." The answer to this contention is to be found in the general rule that general words which follow a specific enumeration must be construed to apply to things or facts or acts of the general class and nature of the things enumerated. So construed, the words, "other property," would refer to personal and not to real estate.

Nor is there any merit in the contention that if we construe the act as making $1,500 the limit of the additional exemptions of other property, the husband or wife, or surviving minor children, are deprived of the specific alternative exemptions provided for by subdivision 3 § 5129, of the Compiled Laws of 1887. Whether this was the intention of the legislature or not, we are not called upon to decide. All we have to say is that we think it is clear that, in addition to the absolute exemptions, the surviving husband, wife, or minor children were clearly given $1,500 additional exemptions by the statute, and even if this

privilege might bring with it a possible disadvantage in a few cases the intention of the legislature is none the less apparent.

If, too, we were to place the construction on the section which is contended for by counsel for appellants, it would lead to the most absurd results when we come to consider § 8725 in connection with § 8729 of the Compiled Laws of 1913, which we have before quoted. According to it, if one man dies with an estate consisting of a bank account of $1,501, his widow may claim but $500 as exempt, while the court is bound to give the whole $1,500 to the widow of another man who dies with a $1,500 bank account. The widow of the deceased with the lesser estate would receive $1,000 more than the widow of the deceased with the larger estate.

. So, too, since the acts of 1901 and 1911 are by their titles, and by the wording of the sections themselves, made to apply merely to the *heads of families,* we have a situation where, if the contention of the appellants is correct, there is no provision made for orphans who are not the heads of families. This can hardly have been the intention of the legislature.

The order of the District Court is affirmed.