F. M. ROURKE, Appellant, v. HOOVER GRAIN CO., Respondent.

(183 N. W. 1005.)

**Appeal and error — order dissolving order enjoining statutory proceedings to foreclose land contract is appealable.**

1. An order dissolving an order enjoining statutory proceedings for the foreclosure of a land contract is appealable.

**Vendor and purchaser — time specified in notice for cancellation of land contract fixes such time.**

2. The time specified in a notice for the cancellation of a land contract fixes the time for its cancellation, subject to the statutory requirements.

Opinion filed June 25, 1921.

Proceedings in District Court, Ransom county, McKenna, J., upon the cancellation of a land contract. From an order, dissolving an injunctional order theretofore issued, the plaintiff has appealed.

Reversed and remanded.

Curtis & Remington, for appellant.

C. G. Mead, for respondent.

BRONSON, J. In July, 1919, the parties made a land contract cover-

ing 320 acres of land in Ransom county. It required the payment of $2,200 on March 1, 1920. On August 30, 1920, the defendant served a notice of cancellation of the contract by reason of default in the payment of $2,200 and interest accrued. Therein, the date of the termination of the contract was stated to be March 1, 1921. On February 26, 1921, pursuant to statutory proceedings, the trial court issued an injunctional order requiring further proceedings upon the cancellation to be had in the district court. This order was served upon the defendant's attorney on March 1, 1921. On March 12, 1921, the trial court, upon application, issued an order to show cause why the injunctional order upon the cancellation proceedings should not be dissolved. Upon a hearing had, the previous injunctional order was dissolved. The plaintiff has appealed therefrom.

The defendant contends that the order is nonappealable, for the reason that this is not a special proceeding and is not within the terms of § 7841, C. L. 1913, specifically providing for an appeal in similar proceedings affecting mortgage foreclosures; that, furthermore, under the statute, the cancellation of the contract became effective on February 28, 1921, and was therefore complete before service of the injunctional order upon March 1, 1921. The defendant relies upon Tracy v. Scott, 13 N. D. 577, 101 N. W. 905, and McCann v. Mortgage Investment Co., 3 N. D. 172, 54 N. W. 1027, in support of the contention that this order is nonappealable. We are of the opinion that this contention cannot be sustained.

A distinction is to be drawn between the procedure to obtain the injunctional order and the proceedings that do obtain after such injunctional order is issued. After the issuance of the injunctional order, further proceedings in cancellation, pursuant to the statute, are required in the district court. Either the cancellation proceedings must be abandoned, or the cancellation takes place through action in the district court. In any event, the proceedings are in the nature of an action. Upon issuing the injunctional order, the court had jurisdiction; a trial might have occurred; a judgment eventually might have resulted. The order, as issued by the trial court, dissolving this injunction operates, in effect, as a judgment denying the injunction and discontinuing the action pending. It thus deprives the plaintiff of a substantial right, if any he had. Furthermore, § 2 of chap. 151, Laws 1917, practically reincorporates the provisions of § 8074, C. L. 1913, and makes the same applicable to the foreclosure of land contracts. In effect, this is, by analogy, a legislative recognition of a right of appeal as provided in subds. 3 of § 7841, C. L. 1913.

The contention of the defendant that, pursuant to the statute (chap. 151, Laws 1917), the cancellation pursuant to the notice became effective February 28, 1921, cannot be sustained. The notice of cancellation specifies the time of cancellation. The statute requires the notice to state such time of cancellation. § 8120, C. L. 1913. Under the statute it may not be less than six months. It may be more, if the notice so prescribes. § 8120, C. L. 1913. See Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336. Accordingly this injunctional order was served anterior to time of cancellation specified in the notice. It is therefore ordered that the order be reversed, and the cause remanded for further proceedings, with costs to the appellant.

ROBINSON, C. J., and BIRDZELL, J., concur.

GRACE, J., concurs in the result.

CHRISTIANSON, J. (concurring specially). In Tracy v. Scott, 13 N. D. 577, 101 N. W. 905, this court ruled that an order under § 5845, Rev. Codes 1899, enjoining a foreclosure by advertisement, and directing all further proceedings for the foreclosure to be had in the district court, was not appealable. Following that decision, the Legislature amended the statute relating to appeals so as to make such orders appealable. See chap. 79, Laws 1907; § 7841, C. L. 1913. Under our laws a contract for the future conveyance of real property may be foreclosed by the service of notice upon the "vendee, purchaser, or his assigns." See §§ 8119-8122, C. L. 1913; chap. 180, Laws 1915; chap. 151, Laws 1917. In 1917 the Legislature provided that any such foreclosure of land contracts may be enjoined upon proper application by the "vendee or purchaser or his assigns," and that when it is so enjoined the order shall direct that all further proceedings for cancellation of the contract be had in the district court properly having jurisdiction of the subject-matter. Chap. 151, Laws 1917. This statute is almost an exact duplicate of the statute relative to the enjoining of a foreclosure of a mortgage by advertisement.

It is manifest, therefore, that the Legislature intended to afford to the proper parties interested in a statutory proceeding for the foreclosure of a land contract precisely the same right to enjoin such proceeding as was afforded to similar parties to enjoin the foreclosure of a mortgage by advertisement. Of course, when the Legislature enacted chap. 151, Laws

1917, it knew that orders made under the statute which authorized the enjoining of the foreclosure of a mortgage by advertisement were appealable. There is no apparent reason why any distinction should be made between orders enjoining the foreclosure of a mortgage by advertisement and orders enjoining the foreclosure of an executory land contract by services of notice, so far as the right of appeal is concerned. No reason is apparent why the right of appeal should be granted as to one class of orders and denied as to the other. And it seems quite clear that when the Legislature enacted chap. 151, Laws 1917, it intended to place the two on precisely the same plane; and intended to afford to parties interested in or affected by the foreclosure of a land contract by service of notice all the rights afforded under the then existing laws to parties similarly interested in or affected by the foreclosure of a mortgage by advertisement, including the right of appeal from orders granting, refusing, or vacating an injunction against such foreclosures. Hence, I believe that the order appealed from here is appealable.

I agree with what is said in the opinion prepared by Mr. Justice BRONSON, upon the merits of the order; i. e., I agree with that portion of the opinion covered by ¶ 2 of the syllabus.