BOARD OF UNIVERSITY AND SCHOOL
LANDS, Plaintiff and Appellant,

v.

Dick VANCE, Defendant and Respondent.

No. 7983.

Supreme Court of North Dakota.

June 20, 1963.

Leslie R. Burgum, Atty. Gen., John E. Adams, Asst. Atty. Gen., Bismarck, for plaintiff and appellant.

Walter O. Burk, Williston, for defendant and respondent.

BURKE, Judge.

The respondent Dick Vance on February 20, 1951, was the high bidder upon four tracts of land offered for sale by the Board

of University and School Lands at public auction. Thereafter, the Board of University and School Lands as vendor and Dick Vance as vendee, entered into contracts for the sale and purchase of said tracts. Subsequently, the United States commenced an action to appropriate the tracts as a part of the Garrison Dam Reservoir and deposited in court the appraised value of said lands as determined by the government appraisers. A dispute then arose between the vendor and the vendee as to a division of the deposit and thereafter the vendee defaulted in the payments required by his purchase contracts.

Early in 1959, the Board of University and School Lands, by resolution, canceled the land purchase contracts and notified the vendee of its action by mail in accordance with the provisions of Section 15–0812 NDRC 1943.

On March 13, 1959, the vendee petitioned the District Court of McKenzie County for an order requiring the Board of University and School Lands to foreclose the land purchase contracts by action. This petition was made pursuant to Section 32–1806 NDRC 1943, and the question raised at the hearing upon said petition was whether Section 32–1806 was applicable in relation to contracts of sale executed by the Board of University and School Lands.

On March 23, 1959, the district court granted vendee's petition and ordered the Board of University and School Lands to foreclose its contracts by action. This order was served upon the Board of University and School Lands on April 3, 1959. On April 29, 1959, the Board of University and School Lands served a notice of appeal from said order and specifications of error upon the attorney of record for the vendee, Dick Vance. At sometime within sixty days after the making of the order, the notice of appeal, specifications and admission of service thereof were mailed to the Clerk of the District Court of McKenzie County for filing. The clerk of court refused to file these instruments upon the ground that the proceeding in which the appeal had been taken was not on file in his office and returned them to the attorney for appellant. The record is silent as to what, if anything, happened during the next twenty months. However, at sometime during this interval the attorney for the appellant returned the notice of appeal and specifications of error to the Clerk of Court of McKenzie County. On March 13, 1961, the clerk of court wrote a letter to the attorney for appellant which, in part, is as follows:

"The Notice of Appeal and Specifications of Error in the above entitled matter was received by this office and since then I have been trying to find out what I could do about it.

"There is no record of the case in this office, but since the action was started long before I took over here as Clerk of Court which was the first of January, I have asked Mrs. Cecelia Rude about this matter, as she was deputy under Mr. Nygard. She thinks the action was never filed because Mr. Burk (attorney for petitioner respondent) had failed to send a filing fee, so I contacted Mr. Burk by phone and he promised to send what he has on it, but so far has not done so. * * *"

Respondent's petition, proof of service thereof and the court's original order thereon were finally filed in the office of the clerk of court on March 14, 1961. Appellant's notice of appeal and specifications of error had been accepted and filed on March 8, 1961.

Respondent has moved to dismiss this appeal upon two grounds: (1) That the order appealed from is not an appealable order and, (2) That the notice of appeal was not filed within the time allowed by statute.

■ Upon the first ground respondent urges that the order appealed from is not a final order, because it merely requires a trial of the issues of the controversy be-

tween the parties in district court and that therefore it is not appealable. This contention is supported by some early decisions of this court, particularly Tracy v. Scott, 13 N.D. 577, 101 N.W. 905, wherein this court held that an order, enjoining a mortgage foreclosure by advertisement and directing all further proceedings for the foreclosure to be held in the district court was not appealable.

Legislation subsequent to this decision and its effect is fully and logically set forth in Judge A. M. Christianson's special concurring opinion in Rourke v. Hoover Grain Co., 48 N.D. 247, 183 N.W. 1005, page 1006, in which he said:

"* * * Following that decision, the Legislature amended the statute relating to appeals so as to make such orders appealable. See chapter 79, Laws 1907; section 7841, C.L.1913. Under our laws a contract for the future conveyance of real property may be foreclosed by the service of notice upon the 'vendee, purchaser, or his assigns.' See sections 8119–8122, C.L. 1913; chapter 180, Laws 1915; chapter 151, Laws 1917. In 1917 the Legislature provided that any such foreclosure of land contracts may be enjoined upon proper application by the 'vendee or purchaser or his assigns,' and that when it is so enjoined the order shall direct that all further proceedings for cancellation of the contract be had in the district court properly having jurisdiction of the subject-matter. Chapter 151, Laws 1917. This statute is almost an exact duplicate of the statute relative to the enjoining of a foreclosure of a mortgage by advertisement.

"It is manifest, therefore, that the Legislature intended to afford to the proper parties interested in a statutory proceeding for the foreclosure of a land contract precisely the same right forded to similar parties to enjoin the to enjoin such proceeding as was afforeclosure of a mortgage by advertisement. Of course, when the Legislature enacted chapter 151, Laws 1917, it knew that orders made under the statute which authorized the enjoining of the foreclosure of a mortgage by advertisement were appealable. There is no apparent reason why any distinction should be made between orders enjoining the foreclosure of a mortgage by advertisement and orders enjoining the foreclosure of an executory land contract by services of notice, so far as the right of appeal is concerned. No reason is apparent why the right of appeal should be granted as to one class of orders and denied as to the other. And it seems quite clear that when the Legislature enacted chapter 151, Laws 1917, it intended to place the two on precisely the same plane; and intended to afford to parties interested in or affected by the foreclosure of a land contract by service of notice all the rights afforded under the then existing laws to parties similarly interested in or affected by the foreclosure of a mortgage by advertisement, including the right of appeal from orders granting, refusing, or vacating an injunction against such foreclosures. Hence, I believe that the order appealed from here is appealable."

In our view the conclusion reached by Judge Christianson is logically unassailable and since there have been no subsequent material changes in the statutes we adopt it in this opinion.

Upon respondent's second ground for dismissal of this appeal we are confronted with the novel contention that a notice of appeal which was the first instrument filed in the proceeding was filed too late.

Section 28–27–04 NDCC provides:

"An appeal from a judgment may be taken within six months after the entry

thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing."

Section 28–27–05 NDCC provides:

"An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal. and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same."

In construing these statutes we have held that a notice of appeal must not only be served but that it must be filed within the time limited for taking an appeal. Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845; Krueger v. Hayko, N.D., 87 N.W.2d 539.

█ We have also held that the time within which an appeal may be taken from an order commences to run when the order is served not when it is filed and that the finality of an order for purposes of appeal is not affected by its filing date. In Citizens' National Bank v. Larson, 59 N.D. 427, 230 N.W. 292, we held that the time for appeal from an order expired before the order was filed. In Lake Grocery Co. v. Chiostri, 31 N.D. 613, 154 N.W. 533, we held that the filing of a notice of appeal, before the order appealed from was filed,

was not premature. In each of these cases this court either gave no effect to the statutory requirement that a notice of appeal from an order must be filed in the office of the clerk of the court *in which the order is entered* or it held without specifically so stating that an order is entered in an action or proceeding when it is signed by the judge and that the filing of an order is not a prerequisite to its entry.

In all of our previously decided cases which dealt with this issue, the action or proceeding in which the order appealed from was made, was on file in the office of the clerk of court. Thus, in each of these cases the records in the clerk's office showed a pending action or proceeding in which a notice of appeal could be filed, although the specific order appealed from was not on file.

█ In the instant case there was nothing filed or of record in the clerk of court's office. Thus when the clerk received appellant's notice of appeal in due time with directions that it be filed there was no pending action or proceeding of record in which the notice of appeal could be filed. Since he did not know what to do with the notice of appeal, he returned it to the appellant with the explanation that there was no such case of record in his office. The notice of appeal was not sent again to the clerk of court until after the time for appeal had expired.

Respondent's failure to file his moving papers in this case was in direct violation of Rule 5(d) N.D.R.Civ.P. which provides, (2) "All affidavits, notices and other papers designed to be used upon the hearing of a motion or order to show cause shall be filed prior to the hearing unless otherwise directed by the court."

If respondent had complied with this rule there is no question but that appellant's notice of appeal would have been accepted and filed by the clerk of court within the time for appeal. It may be said, however,

204

that when appellant was notified that the proceeding was not on file, he should have made a motion in accordance with the provisions of Rule 5(d) (3) to compel the filing of the proceeding. In our view this is not an adequate answer in the circumstances of this case. Appellant had a right to assume that the rule had been followed. He had a right to file his notice of appeal on the last day for filing.

If we were to hold that it was necessary for appellant to take steps to procure the filing of the case in order to file his notice of appeal after such filing had been rejected, it would mean that the first attempt to file the notice of appeal would have to occur a sufficient length of time prior to the expiration of the time for appeal to enable him to take the necessary steps to secure the filing of the case. Such a ruling would in effect curtail the time for appeal.

In this case appellant did everything that was ordinarily and reasonably necessary to take an appeal. He served the notice of appeal and he mailed it to the clerk of court with directions to file it. If the clerk had been doubtful of the credit of the Board of University and School Lands, he could have demanded his filing fee in advance, but that is the only ground upon which he could legally refuse the filing. There is no intimation in the record that the clerk did not trust the state. He returned the papers simply because he did not know what to do with them. It was the clerk's duty either to file the notice of appeal as instructed or to notify appellant that it would be filed on receipt of the filing fee. He did neither.

Since the notice of appeal was properly presented to the clerk of court with directions to file it and the filing was refused upon other than legal grounds, we hold that the original delivery of the notice of appeal to the clerk of court, with instructions to file it, amounted to a filing thereof.

It was therefore filed within the time allowed for the taking an appeal. The motion to dismiss is accordingly denied.

MORRIS, C. J., and TEIGEN and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.