### COMMERCIAL NAT. BANK v. SMITH et al.

1. An order made by the circuit judge, under the provisions of Section 5411, Comp. Laws, refusing an order enjoining foreclosure proceedings by advertisement, is an order of the judge, and not of the court, and is not appealable.
2. The application by the mortgagor, provided for in said section, was designed to be so far *ex parte* as not to authorize or allow resisting affidavits tending to disprove the statements of mortgagor's affidavit, setting up his defense or counter-claim, to be heard or considered by the judge upon the hearing of such application.
3. Any bill of exceptions, properly settled, which brings before this court a record of the fact that such affidavits were received and entertained upon the hearing of the application, raising issues of fact, upon his decision of which the judge determined the mortgagor's right to such an order of stay and transfer, is sufficient to present the question of error in a case properly before this court.

(Syllabus by the court. Argued Feb. 4, 1890. Opinion filed April 1, 1890.)

Appeal from circuit court, Beadle county; Hon. A. W. CAMPBELL, judge.

Motion to dismiss appeal. Allowed. No briefs filed.

*Myers & Null,* for appellants.

*Mouser & Vollrath,* for respondent.

KELLAM, J. In September, 1889, respondent commenced the foreclosure , by advertisement, under Section 5411 *et seq.*, Comp. Laws, of a mortgage upon real estate in the county of Beadle, given by appellants to Edgar C. Avery, and through successive transfers, finally assigned to respondent. Before the day appointed for the sale of the mortgaged premises the appellant Nathan T. Smith, presented his affidavit to the judge of the district within which said Beadle county was situated, alleging "that the note secured by said mortgage had been fully paid. taken up, and canceled," and more particularly alleging that such payment was made to the First National Bank of Huron, Dak., which, upon such payment, delivered up the said note and mortgage to affiant; and upon such affidavit applied for an order enjoining the respondent from foreclosing such mortgage by advertisement, and directing that all further proceedings be had in the district court for said Beadle county, as provided in said Section 5411, Comp. Laws. Upon the hearing of this application the respondent appeared, and in resistance thereto presented a number of affidavits tending to negative the allegations of appellants affidavit as to payment. These affidavits were received and considered by the judge against the objection of appellant, and upon such hearing the application of appellant was denied and the order refused; and from this order of the judge the appeal is taken to this court.

Respondent moves to dismiss the appeal upon two grounds: (1) The order from which the appeal is sought to be taken is not an appealable order; (2) no bill of exceptions, properly settled, has brought to this court, as record, the affidavits upon which the order appealed from was made.

The appeal must be dismissed upon the first ground. The application was made, as is provided in said Section 5411, to the judge, and not to the court. The statute authorizes appeals from judgments or orders of the court only. Sections 5213,

5236, Id. This, being an order of the judge, and not an order of the court. is not appealable.

As the second ground of this motion involves a question of practice, upon which, as suggested by counsel, there is want of harmony in the several circuits of the state, we express the following general opinion as to the proper construction and effect of the proviso in said Section 5411, without intending thereby to pass upon the objections raised by respondent to the bill of exceptions in this case, either as to sufficiency or manner of settlement. As the appeal must be dismissed on other grounds this is unnecessary. The office of a bill of exceptions is to make record of so much of the proceedings below as will enable the reviewing court to apprehend the question of error to be examined. In this case the bill of exceptions shows that upon the hearing of appellant's application, under the section above cited the judge to whom the application was made received and considered counter-affidavits upon the part of respondent. against the objection of appellants, and upon the issue thus made, and thus supported on either side, determined appellant's right to have the foreclosure proceedings by advertisement stayed, and the matter transferred to the court. We think the statute contemplated an *ex parte* application to the judge, and not a trial before him. Issues raised by counter-affidavits on the part of the holder of the mortgage might often, as in this case, involve the very vitality of the mortgage, or the existence of any indebtedness under it, or the validity of a counter-claim or other defense claimed by the mortgagor,—questions which the parties interested are entitled to have tried and determined by the usual methods of trial, where the testimony offered may be sifted and admitted or excluded, in whole or in part, under the established rules of evidence, and where the witnesses on either side are subject to the test of cross-examination. Entertaining this view of the design of the statute, and the authority of the judge under it, we are of the opinion that any bill of exceptions, properly settled, which brings before this court the record of the fact that resisting affidavits were received and entertained by which issues of fact were raised, upon the determination of

which must depend the right of the holder of the mortgage to recover under it, and that such issues were determined by the judge, upon such showing, thus deciding upon the right of the applicant to the order of stay and transfer, is sufficient to present the question of error. Upon the first ground stated in the motion the appeal is dismissed; all the judges concurring.