WILLIAM McCANN *vs*. MORTGAGE, BANK & INVESTMENT CO.; DAVID
WILLIAMSON *vs*. MORTGAGE, BANK & INVESTMENT CO.; THOMAS
HALVORSON. *vs*. MORTGAGE, BANK & INVESTMENT CO.

Opinion filed March 13th, 1893.

### Foreclosure by Advertisement—Enjoined.

The powers embraced in the proviso of § 5411, Comp. Laws, regulating fore-
closures of mortgages by advertisement, construed. *Held*, that the several orders
made by the Judge of the District Court in the above entitled matters, directing
the discontinuance of foreclosure proceedings by advertisement, and requiring
that the further foreclosure proceedings of said mortgages be had in court, are
valid orders; the same being based in each case upon an affidavit which was
satisfactory to the judge who made the order, and which also set out such facts
as are required by said proviso to be embodied in such affidavits.

### Foreclosure by Action—Cumulative Remedy.

*Held*, further, that the proceeding in which the above entitled matters origin-
ated is, considered as a remedy, merely cumulative, and the same is not to be
classed with, or regulated by, the principles of law and rules of practice which
obtain in civil actions in which equitable relief by injunction is sought.

### Discretionary Power of Court.

*Held*, further, that the proviso contained in § 5411, *supra*, is intended to
confer upon Judges of the District Courts certain authority, to be exercised at
their discretion, and such descretion is nonreviewable, except in cases of abuse,
and that the several records herein fail to present a case of abuse of discretion.

### Repeal of Usury Law—Forfeiture Not Extinguished.

*Held*, further, that the usury statute embraced in Ch. 70, Laws 1889, was,
without a saving clause, repealed by § 12, Ch. 184, Laws 1890; but such repeal
does not operate to extinguish any penalty, forfeiture, or liability incurred
under the act of 1889. Section 4767, Comp. Laws.

Appeals from District Court, Bottineau County; *Morgan*, J.
Affirmed.

The facts fully appear in the following statement by WALLIN, J.

An appeal to this court is taken in each of the above entitled
matters by the Mortgage, Bank & Investment Company, which
company is the mortgagee in all of the above mentioned mort-
gages. The several appeals are from orders of the District Court
for Bottineau County, denying appellant's application to set aside
previous orders made by the judge of said court. The opinion

below is based upon the record in the McCann appeal, but the controlling facts and governing principles of law are common to all of the cases, and hence a single opinion will suffice for all.

*A. S. Drake*, for appellant.

*E. A. Maglone* and *Ball & Watson*, for respondents.

WALLIN, J., (after stating the facts as above.)   This proceeding originated under the proviso embraced in § 5411, Comp. Laws, regulating foreclosures of mortgages by advertisement.   The proviso is as follows: "Provided, that when the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by affidavit of the mortgagor, his agent or attorney, to the satisfaction of the Judge of the District Court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim, or any other valid defense, against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the District Court properly having jurisdiction of the subject matter; and, for the purpose of carrying out the provisions of this act, service may be had upon the attorney or agent of the mortgagee or assignee."   On the 25th day of September A. D. 1891, William McCann, the respondent, presented to the Judge of the Second Judicial District Court of North Dakota his affidavit, which after the title and venue is as follows:

"William McCann, being duly sworn, deposes and says that he is the mortgagor mentioned and described in the annexed notice of mortgage sale, which said notice, hereto annexed, marked 'Exhit A,' and made a part of this affidavit.   Deponent further says that he has a legal counterclaim, valid defense, against the collection of the mortgage, and the amount claimed therein to be due thereon; that the sum, $86.43, claimed in said notice to be due on said mortgage is, as deponent is informed and verily

believes, for interest on the sum of $600.00, secured by said mortgage; that deponent on the 10th day of February, 1890, made, executed, and delivered to Mortgage, Bank & Investment Company his promissory note for the sum of $600.00, with interest at the rate of 9 per cent. per annum, and to secure the payment of said sum, deponent, at said time and place, executed the mortgage described in said Exhibit A; that deponent received only the sum of $335; that the balance of said sum of $600.00, to-wit: the sum of $265, together with a chattel mortgage for $140.00 and note for same; was kept and retained by said Mortgage, Bank & Investment Company as a bonus or usury, and deponent never received any consideration or benefit therefrom, whatever; that said Exhibit A is taken from the North Dakota Eagle, a newspaper printed and published at Willow City, Bottineau County, N. D.; that said Mortgage, Bank & Investment Company threatens to foreclose said mortgage by advertisement, and sell the premises therein described, on October 15th, A. D. 1891, at 2 o'clock P. M., at Willow City, Bottineau County, N. D.; that deponent fears said mortgagee will so sell said premises at said time and place unless restrained therefrom by an order from the Judge of the District Court of Bottineau County, N. D. Deponent further says that he is the owner of the premises in said Exhibit A described. Wherefore, deponent prays that the honorable Judge of the District Court of Bottineau County, N. D., may, by an order to that effect, enjoin the mortgagee, or its assignee, agent, attorney, or servants, from foreclosing said mortgage by advertisement, and direct that all further proceedings for the foreclosure thereof be had in the District Court of Bottineau County, N. D.; the same being the county wherein said premises are situated. Wm. McCann.

"Subscribed and sworn to before me this 25th day of September, 1891. Jacob Schroeder, Notary Public. [Seal.]"

"Exhibit A. Default existing in a contract and mortgage executed by William McCann on February 10th, 1890, to Mortgage, Bank & Investment Company, on the west $\frac{1}{2}$ of northeast

¼ and east ½ of northwest ¼ of section 15, township 160, range 74, in Bottineau County, North Dakota, now due on said contract and mortgage,—$86.43,—therefore, said land will be sold at the front door of the post-office in Willow City, in said county and state, on October 15th, A. D. 1891, at 2 o'clock P. M., under said mortgage. September 1st, 1891, A. S. Drake, Attorney, Fargo, N. D."

Whereupon, on the 30th day of September, A. D. 1891, the Judge of said District Court made an order as follows: "Ordered, that said Mortgage, Bank & Investment Company, and their attorney A. S. Drake, and all their agents, servants, attorneys, and employes, be, and they hereby are, enjoined and restrained from foreclosing said mortgage by advertisement, and they, each and all of them, are further ordered and directed that all further proceedings for the foreclosure of said mortgage be had in the District Court of Bottineau County, N. D., that being the county wherein said premises are situated, and the court properly having jurisdiction thereof,"—which affidavit and order were served upon the Mortgage, Bank & Investment Company prior to the hour of sale, as stated in the published notice of sale. At a term of the District Court for Bottineau County, held in May, 1892, upon due notice, the Mortgage, Bank & Investment Company moved in open court for an order vacating and setting aside the before mentioned order made by the judge of said court. After hearing counsel on both sides, the application to vacate was denied, to which ruling the moving party saved an exception; and the order and exception, together with all of the papers in the proceeding, were brought upon the record, and made a part thereof, by the direction of the District Court. The Mortgage, Bank & Investment Company have appealed to this court from the order of the trial court refusing to vacate the original order made by the judge of said court. The motion to vacate was not supported by affidavits offered by the mortgagee, but was based wholly upon the affidavit of McCann, as presented to the judge on the application for the order, and upon the order made by the judge.

In this court, appellant assigns only the following errors: "*First*, The judge erred in issuing said injunction. *Second*, The court erred in overruling appellant's motion to dissolve said injunction, for the reasons (*a*) that no fact or facts appear in support of said injunction, which could in any manner constitute a valid defense or legal counterclaim against the collection of the whole, or any part, of the amount claimed by appellant to be due in its notice of sale on the mortgage described in the notice of sale mentioned by respondent in his affidavit for the injunction; (*b*) that it does not appear in support of the said injunction that such proceedings have been begun by appellant, or by any person or persons in its behalf, as would, if carried forward to completion, foreclose the said William McCann of his equity of redemption in the land in question."

We are clear that these assignments of error are untenable, and hence must be overruled. An inspection of the affidavit of McCann, the mortgagor, discloses that it embraces all facts which the statute requires to be stated as a basis for an application for a judge's order of the character in question. It sufficiently appeared by the affidavit that the mortgagee had instituted a mortgage foreclosure proceeding by advertisement, and also that the mortgagor had a "valid defense" against the collection of the whole of the "amount claimed to be due on such mortgage." These general averments, if satisfactory to the judge who made the order, would be alone sufficient to authorize the judge, at his discretion, to make the order. But the affidavit goes into detail, and sets out specific facts which tend to show that the sum claimed to be due upon the mortgage was claimed as interest, and that no interest was due upon the note secured by the mortgage in question, by reason of usury, with which it appeared, *prima facie*, the transaction was tainted. The proceeding is wholly statutory, and there is no requirement that the affidavit made in behalf of a mortgagor shall be couched in any specific terms, nor that it shall be framed under the strict rules governing the pleader in framing the pleadings in an action. All that is required is that the facts

enumerated in the statute shall be set out in the affidavit in such manner and form as will satisfy the judge to whom the affidavit is presented. Being satisfied with the affidavit, the judge may make the order. We think the statute is not intended to be mandatory, but is, on the contrary, intended to clothe the Judge of the District Court with a pure discretion, which, unless abused, cannot be reviewed in an appellate court. We see no such abuse in this case. Elliott, App. Proc. § § 597, 605.

Counsel claims, in effect, that the note and mortgage which were given in February, 1890, are wholly exempt from the operation of any usury law, even though illegal interest was exacted in the note and mortgage transaction. The claim is that the usury law of 1889, which is embraced in Ch. 70, Laws 1889, and which was in force when the note and mortgage were executed, does not govern the note and mortgage, because, as is claimed, the law of 1890, found in Ch. 184, Laws 1890, without a saving clause, expressly repealed all pre-existing usury laws of this state. Referring to the defense of usury, as stated in the affidavit of the mortgagor, counsel for appellant uses the following language in his brief: "This supposed defense would have been proper, were it not for such repeal, but he is no longer permitted to set up such defense to his contract made while the old usury law was is in existence." It is true that the usury law of 1890 operated to repeal the usury statute enacted in 1889, but the question lying in the background is this: Does such repeal operate to extinguish any penalty or forfeiture which under the old law had attached to a usurious transaction, had while the old law was yet in force? We think this question is decisively answered in the negative by § 4767, Comp. Laws, as follows: "The repeal of any statute by the legislative assembly shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action

or prosecution for the enforcement of such penalty, forfeiture, or liability." This section constitutes § 2133 of the Civil Code, and was enacted by the territorial assembly on February 16th, 1877. It follows that such section has, under a provision of the state constitution, become incorporated with the laws of this state. Counsel is in error in his claim that § 4767 never was enacted by the territorial legislature. The repealing act (§ 12, Ch. 184, Laws 1890) is as follows: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed." This language does not provide, expressly or otherwise for the extinguishment of penalties or forfeitures which may have been incurred under a former law. Hence, such penalties and forfeitures, if any, are, under § 4767, enforceable, notwithstanding such repeal. The court so held in a decision rendered at this term, *Bank* v. *Lemke*, 54 N. W. Rep. 919. The penalty of the law of 1889 for usury, which was the law in force when the note and mortgage were executed, was a forfeiture of all interest "contracted to be received." Chapter 70, Laws 1889. It follows that the affidavit used as a basis of the order embodied facts tending to establish a valid defense to the claim for interest which was sought to be enforced by the foreclosure proceeding. The following authorities are in point, and fully sustain the construction we have placed upon § 4767, Comp. Laws; *U. S.* v. *Matthews*, 23 Fed. Rep. 74; *U. S.* v. *Ulrici*, 3 Dill. 532; *Com.* v. *Desmond*, 123 Mass. 407.

Referring to the assignment of error marked "*b.*" counsel claims that the mortgagor's affidavit is insufficient, and "fails to show a valid foreclosure proceeding," because it fails to set out the following facts: "*First*, That the mortgage contained any power of sale; *second*, that the mortgage was properly acknowledged; *third*, that the mortgage was properly recorded; *fourth*, that the title to the mortgage showed of record to be in the name of the party foreclosing; *fifth*, that the first publication of the notice of sale was made early enough to give time for the proper number of publications; *sixth*, that the publication of the notice of sale was

still running; *seventh*, that no proceeding to collect the mortgage debt appeared of record; *eighth*, that the estate of the mortgagee has not been merged into an estate by deed of record." These objections, quoted from the brief of counsel, may all be met and disposed of adversely to the appellant by the statement that the statute under which the affidavit is made does not require that either or any of the features indicated in the foregoing enumeration of points shall be embodied or referred to in such affidavit. Hence their statement, in whole or in part, would have been superfluous, if made in the mortgagee's affidavit. But it may not be amiss to state here that, as viewed by this court, the proceeding under the proviso of the statute in question cannot be assimilated to, or classed with, the remedy by injunction, as that remedy is administered in a civil action in an equity case. It would follow from this that the rules of. pleading, practice, and procedure which obtain in civil actions of an equitable nature do not necessarily apply to this proceeding, nor would an appeal, in our judgment, lie in this case from the order of court refusing to set aside the judge's order under subdivision 3, § 24, Ch. 120, Laws 1891. The question of the appealability of the order appealed from is not discussed by counsel, nor shall we decisively pass upon it here, further that to say that the appeal can be sustained, if at all, only as an appeal from "a final order affecting a substantial right, made in a special proceeding." Subdivision 2 § 24, Id.

The proceeding in question is certainly anomalous, and, so far as we have been able to ascertain, is entirely new and novel, in the annals of statutory law. Our attention has been called to a case which arose under the same statute in South Dakota, (*Bank* v. *Smith*, 44 N. W. Rep. 1024,) in which the learned Supreme Court of that state has held adversely to our views upon certain incidental matters of practice; but we fully indorse the views of the court, as expressed in the opinion in that case, as follows: "We think the statute contemplated an *ex parte* application to the judge, and not a trial before him. Issues raised by counter affidavits on the part of the holder of the mortgage might often, as

in this case, involve the very vitality of the mortgage, or the existence of any indebtedness under it, or the validity of a counclaim or other defense claimed by the mortgagor,—questions which the parties interested are entitled to have tried and determined by the usual methods of trial, where the testimony offered may be sifted, and admitted or excluded, in whole or in part, under the established rules of evidence, and where the witnesses on either side are subject to the test of cross-examination." In our judgment it will follow logically from the reasoning of the court in the case cited that the use of rebutting affidavits upon a motion to vacate the judge's order is not contemplated by the statute. If the facts embodied in the affidavit made by the mortgagor, or in his behalf, cannot be controverted before the judge makes his order, we certainly can see no valid reason why the controversy should be opened later, and after the foreclosure proceeding had been arrested. The entire scope of the statute is to clothe the proper Judge of the District Court with authority, at his discretion, to act fully and finally in the premises, and to take such action upon an *ex parte* showing. We do not wish to be understood, however, as holding or intimating that, if such an order is made improvidently, it cannot be vacated by the judge who made it, either upon application made by the mortgagee, or upon the judge's own motion; but we do say that in our opinion no affidavits can be read upon such application, tending to rebut the showing made by the mortgagor as to his alleged defense or counterclaim. Such facts are not intended to be litigated by such methods and such machinery as are furnished by the proviso in question. This proceeding originates in, and is limited by, a proviso contained in a single section of the statutes which authorize and regulate foreclosures by advertisement. The term of the proviso are scanty, and nothing can be discovered in its language looking towards any ulterior proceeding to be built upon the statute which is not expressly created by the terms employed in the statute. Its words are few, and their meaning is obvious. A mortgagor who is a layman can easily write out the brief affidavit

which the statute requires as a foundation for an order, and he may present the same to the Judge of the proper District Court, and if the order is given the same may be served by the mortgagor himself, and by this simple process a statutory foreclosure may be arrested, and the owner of the mortgage required to foreclose by action, if at all.   Whether so radical a measure is expedient or not, or, if expedient, whether an amendment should be made which would afford protection in the way of reimbursement to mortgagees in cases where it might turn out, in the action to foreclose, that the mortgagor failed to assert or failed to prove that he had any counterclaim or defense to the sum sought to be collected by the foreclosure by advertisement, are questions which appertain wholly to the legislative department of the state government, and do not fall within the province of the courts to determine.   The proviso in question is not assailed on constitutional grounds, and, under an established rule of construction, we have assumed its constitutionality accordingly.   No doubt exists of the plenary power of the legislature over the subject matter of foreclosures of mortgages by advertisement.   Such foreclosures are purely statutory in their nature and origin.   The statute creates the proceeding, and determines the conditions upon which it may be had.   Some mortgages cannot be foreclosed by advertisement, and others may be upon the terms and conditions laid down in the statute; and at present, while we abstain from deciding the point, we are unable to see why it is not competent for the legislature to declare that, upon a certain state of facts being made to appear by affidavit to the satisfaction of the Judge of District Court of the proper county, such judge should not have the discretion to direct that a given mortgage shall be foreclosed in court, particulary in cases where the mortgage involved is executed subsequently to the enactment of the statute.   In view of the novelty of the proceeding, and particularly in view of the great number of cases in which it has been resorted to by mortgagors as a means of compelling the foreclosure of their mortgages by action in court, we have been led into a discussion of some

features of the statute which, in strictness, need not have been considered, in order to decide this case. We have done so, of course, only to aid the profession and the public in utilizing a new and peculiar remedy.

Appellant's counsel attempts to distinguish the above entitled case of Thomas Halvorson from the others upon the ground that it appears in Halvorson's case that the mortgagor has a purely equitable defense, as against his mortgage, and one which, if maintained in court, would operate to defeat the mortgage entirely, and set it aside. Conceding this to be true, the result must be the same, because if further appears by the affidavit presented to the judge as a basis for the order that "Thomas Halvorson has a legal counterclaim and valid defense to the amount claimed to be due on and under said alleged mortgage." The printed notice of sale forms a part of the affidavit, and from that it appears that there is "now due on said mortgage $40.36 to said mortgagee." These facts bring the case of Halvorson within the terms of the proviso, inasmuch as they show that the mortgagor had a "valid defense against the whole  *  *  *  of the amount claimed to be due on such mortgage," viz. $40.36. Vide section 5411. It must follow from the views already advanced in this opinion that each and all of the orders appealed from in the above entitled matters should be affirmed. The court will so order. All concur.