JAMES RIVER LODGE, No. 32 I. O. O. F., OF HURON, v. CAMPBELL, Judge, *et al.*

1. Section 5411, Comp. Laws, which provides that a circuit judge may, on a proper showing of defense or counterclaim to a mortgage which is being foreclosed by advertisement, enjoin such proceedings to foreclose and require that all further proceedings be had in court, is remedial in its nature.

2. Having made such an order, the judge's power in the premises is not so exhausted that he cannot vacate the same, the status of the parties being unchanged, when satisfied that the cause for making it no longer exists.

(Syllabus by the court.    Opinion filed Nov. 2, 1894.)

Petition for a writ of certiorari to A. W. Campbell, as judge of the fifth judicial circuit of South Dakota, and one Dickerman, to review the action of such judge in vacating an order directing that foreclosure proceedings of a certain mortgage given by petitioner to Dickerman, which Dickerman had commenced by advertisement, should be transferred to the circuit court.    Writ denied.

The facts are stated in the opinion.

*John L. Pyle* and *S. M. West*, for plaintiff.

*Burtt & Sterling*, for defendants.

The mortgage and bond should be construed together. 1 Jones Mort. 71; Carter v. Carter, 41 N. W. 168.    The judge had power in the exercise of sound discretion to vacate the restraining order and allow the sale to proceed.    Halvorsen v. Mortgage, Co. 54 N. W. 1026.

KELLAM, J.    In March, 1894, defendant Dickerman commenced the foreclosure of a real-estate mortgage containing a power of sale, against the plaintiff, by advertisement.    While these proceedings were pending the mortgagor, the plaintiff in this proceeding, presented to the Honorable A. W. Campbell, circuit judge, an affidavit under the provisions of section 5411,

Comp. Laws, showing, it may be assumed, that the plaintiff had
a defense against a part of the amount claimed by the mort-
gagee to be due, such affidavit showing the certain amount
alleged to be claimed by the mortgagee in excess of what the
mortgagor admitted to be due.    Upon this affidavit the judge
made an order, as provided by said section referred to, direct-
ing that all further proceedings for the foreclosure of such
mortgage be had in the circuit court of the proper county.
This affidavit and order being served upon the mortgagee, he
applied to said judge to vacate the order, upon notice to plain-
tiff, and upon an affidavit stating that he would and did there-
by concede all that the mortgagor claimed, and that he would
claim under such foreclosure proceedings no more than the
amount which was conceded by plaintiff to be due, and would
release and discharge all that the mortgagor contended was in
excess of the amount justly due.    Upon such statement and un-
derstanding by the mortgagee, the judge made an order vacat-
ing his first order.    The mortgagor asks this writ of certiorari
on the ground that the judge had no power or jurisdiction to
make the last order.    He says the only authority the judge had
to make any kind of an order in the premises was that conferred
by section 5411, and that was power to make one single and de-
finite order, whose length and breadth were clearly defined; he
could do no more and no less than to make that one order, when
satisfied of the existance of the conditions which, by the terms
of such section, authorized it; and that such power, when once
exercised, was exhausted.

It cannot be said that there is no merit or force in this con-
tention, but we are rather inclined to take a different view of
the matter.    We regard the statute as remedial.    Its obvious
purpose is to afford a mortgagor an opportunity to be heard up-
on, and have judicially settled, any dispute between himself and
the mortgagee or holder of the mortgage as to the whole or
any part of the mortgage debt.    By the power of sale in the
mortgage, the mortgagor conferred upon the holder of the

mortgage the right to foreclose by advertisement for the amount
which should be due upon it.   To properly ascertain and fix
this amount in case of dispute is, in this respect, the only ob-
ject in carrying the proceedings into court.   To justify the
judge in making the order on that account, he must be satisfied
that the mortgagor, in good faith, disputes the amount claimed.
The right to have the forclosure proceedings transferred to
the court rests upon the fact of an apparent defense in whole or
in part to the claim made by the holder of the mortgage.   If the
judge should misread or misinterpret the effect of the mortgag-
or's affidavit, and make the order, his power under the statute
ought not to be held *functus officio*, and the order irrevocable.
McCan v. Investment Co. (N. D.) 54 N. W. 1030.   So, too if he
properly make the order, and subsquently, and before the status
of the parties is in any manner changed, he is judicially satisfied
that the dispute as to the amount no longer exists, we think he
has power to, and may properly, vacate or set aside his former
order.   The only object of the legislature in authorizing the
judge to make the order was to get the parties in position where
their dispute might be judicially settled, but they have them-
selves settled it, and removed the only cause for going into
court.   If the judge had known in the first instance that there
was no dispute between the parties; that the mortgagee would
claim no more than the mortgagor conceded,—he would have
declined to make the order.   Being judicially satisfied of this
after he has made the order, and that the ground for it no longer
exists, we think he may unmake it.   We do not mean that the
judge may then determine that there ought to be no dispute, upon
his judgment that upon the question of fact one party is right
and the other is wrong, for it is not the purpose of the statute to
have such question of fact litigated before the judge in this pro-
ceeding; but where, upon the showing of both parties, there is
no longer any disagreement between them, it would seem to be
sticking too closely to the exact letter of the statute to hold
that upon such a showing he is powerless to do what he would

have done in the first instance if such facts had then been known to him.   Possibly, the letter of the statute is not so broad as its spirit, but in construing a statute its purpose, if evident, must always be kept in view.   In our judgment the intent of this law was to commit to the judge the power of determining, upon the basis therein named, whether the foreclosure proceedings by advertisement should be arrested, and the same transferred to the court, and that his control over such question is not lost when he grants or refuses an application for an order.   It seems to us, considering the object of the statute, that its design was to refer and commit a subject to the judge, rather than to authorize him to make a single definate order.

These views, if correct, lead to the conclusion that when the judge became judicially satisfied that there was no longer any dispute between the parties, nothing to be litigated, and no reason for the proceeding going into court, he had power to, and might properly, vacate the order which he made on the ground that there was a dispute.   While the question is not entirely clear of doubt, we adopt this conclusion as best calculated to conserve the rights of all, and at the same time accomplish the very evident object of the statute.   The writ is denied.