STATE ex rel. HALE et al., Plaintiffs, v. McGEE, Circuit Court Judge, et al., Defendants.

(160 N. W. 1009.)

(File No. 4123. Opinion filed January 20, 1917. Rehearing denied March 5, 1917.)

1. **Certiorari—Foreclosure by Advertisement, Injunction Against, Under Statute—Enjoining Issuance of Sheriff's Deed—Function of Writ—When Invokable—Order, Whether Appealable.**

A proceeding under Code Civ. Proc., Sec. 636, authorizing a circuit court, after commencement of foreclosure of realty mortgage by advertisement, to order that mortgagee be enjoined from making such foreclosure, and require all further proceedings for foreclosure to be had in circuit court, is neither

an action, nor a special proceeding in court; as such statute does not provide for a court order; and such order issued in form of a court order, is but an order of the judge, and is not appealable; it cannot be followed by an order of court made in the same proceeding; therefore can only be reviewed by certiorari.

**2. Mortgages—Foreclosure by Advertisement, Injunction Against, When Invokable—Purpose of Statute.**

Under Code Civ. Proc., Sec. 636, providing that every mortgage of realty, containing therein a power of sale, upon default, may be foreclosed by advertisement, provided that, when mortgagee has commenced procedure by advertisement and it is made to appear by mortgagor's affidavit that mortgagor has a legal counterclaim or other defense against collection of the whole or any part of amount claimed under such mortgage, the circuit judge may enjoin mortgagee from foreclosing by advertisement, and direct that all further proceedings for foreclosure be had in circuit court, held, that, where, after sale has been made under foreclosure by advertisement, mortgagor desires to restrain further proceedings, he must bring a proper action in court, and cannot procure an injunction order under said statute; that the purpose of said statute was to authorize exercise of the power of sale, purely statutory; to give to mortgagor the absolute power, upon proper showing, to prevent exercise of such power; and when such power has been exercised it has ceased to exist and is past restraint; and the statute should be construed as merely giving the right to terminate power of sale.

Certiorari by the State on the relation of Thomas E. Hale and another, against Levi McGee, Judge of the Circuit Court, and others, to review injunction proceedings in foreclosure by advertisement. Proceedings of defendant judge quashed.

*Williams & Sweet*, for Plaintiffs.

*Jeffers & Flavin*, for Respondents.

(1) Under point one of the opinion, Plaintiff submitted that: The order in question of June 21st 1916, is not an appealable order, and cited: Commercial National Bank v. Smith et al., 1 S. D. 29; Bostwick et al. v. Knight et al., 5 Dak. 305; Black Hills F. & Min. Co. v. Grand Island & W. C. R. R. Co., 2 S. D. 546; Tracy v. Scott, (N. D.) 101 N. W. 905; Scott v. Court, (N. D.) 107 N. W. 61; McCann v. Mortgage Bank & Investment Co., (N. D.) 54 N. W. 1026.

Respondents submitted that: The order in question is an order of the court. That the order is a final order, made by the

court, affecting a substantial right, made in a special proceeding, and is therefore appealable under section 462 C. C. P., and certiorari will not lie. That it was within the jurisdiction of the court to make the order complained of, a court order, and that it did so; and cited: Secs. 33 and 34, Code Civil Procedure, as amended by chapter 84, Laws 1905; In re Black Hills Flume & Mining Co .v. Grand Island & W. C. R. Co., 2 S. D. 546. That this proceeding is a "special proceeding"; and cited: Code Civ. Proc., Sec. 462, subd. 21, Secs. 11, 12, 13, 103; in re Milwaukee Light, Heat and Traction Co. v. Ela Company, 125 N. W. 903; in re Holden 27 N. E. 1063; In re Missionary Society of M. E. Church v. Ely, 47 N. E. 537, 538; 2 Stand, Encyc. P & P., p. 167; 1 Encyc. P. & P., p. 112; 1 Corpus Juris., p. 944.

(2) Under point two of the opinion, Plaintiff submitted that: The proviso of section 636 of the Code of Civil Procedure does not vest the judge with jurisdiction to order a re-foreclosure after a sale of the premises, nor vest jurisdiction in the judge to make the order after the sale. That after the sale, the law devolves no further duty upon the mortgagee or his assignee. The only act remaining to be done is a ministerial one on the part of the "officer or his successor in office, or other person who sold the same" to execute a deed of the premises so sold to the original purchaser, etc. That a third party may have become the purchaser, and if so the mortgagee or his assignee has received payment in full of the mortgage indebtedness, that he has no interest which could be enjoined; the mortgagor must deal with the purchaser and him alone; in which event no contract rights or otherwise exist between the mortgagor and former mortgagee; the only remedy of the mortgagor would be an equitable action against the mortgagee.

That the Legislature did not make the enjoining clause of the proviso applicable to the sheriff, who by law is required to execute a deed to the purchaser; and cited: Section 648, Code of Civil Procedure, as amended by chapter 78, Laws 1909, and chapter 269, Laws 1913, making it the duty of the officer making the sale to execute a deed, etc.

That the proviso confers power on the judge only to direct that "further proceedings" be had in Circuit Court. That if the Legislature intended the proviso to be applicable after the

sale, during the period of redemption, then this last part of the proviso permitting the judge to direct that all "further proceedings," etc., was an idle ceremony, as no "further proceedings" then remained to be had. The issuance of a sheriff's deed is not a "further proceeding," as it involves a purely ministerial act, a duty on the sheriff required by law.

That the construction placed upon the proviso by defendants does not afford a convenient, adequate, or complete remedy. That section 636 requires an equitable action started in conjunction with it to redeem from the sale, to cancel the record of the foreclosure proceedings. All the remedy afforded by such proviso would also be included in the equitable action. An injunction staying issuance of a sheriff's deed could be procured, but under the proviso no such power is given.

That if the judge's order is made before the sale the status of the parties has not changed. If made after the sale all parties occupy a different status.

Respondents submitted that: The Circuit Court or judge has jurisdiction to grant the injunction at any time after foreclousure proceedings by advertisement have been commenced and before a sheriff's deed has been issued; and cited: Sec. 636, Code Civ. Proc.; Sec. 648, as amended by Chap. 269, Laws 1913; Sec. 653, Code Civ. Proc.

That a foreclosure once commenced is not completed until the execution of sheriff's deed. Wood v. Conrad, 2 S. D. 405; MacGregor v. Pierce, 17 S. D. 51; Farr v. Semmler, 24 S. D. 290; Van Camp v. Weber, 27 S. D. 276; Dirks Trust & Title Co. v. Koch, 32 S. D. 551; N. D. Horse & Cattle Co. v. Serumgard, (N. D.) 117 N. W. 453; 27 Cyc. 1457, subd. 2; Goodman v. White, 26 Conn. 317; Arrington v. Liscom, 34 Cal. 365; Goldtree v. McAlister, (Cal.) 23 Pac. 207; 27 Cyc. K457, subd. 2. In Wood v. Conrad, supra, decided in 1892, while by the provisions of the old section 5159 of the Compiled Laws, the purchaser at the sale was entitled to receive the rents and profits during the period of redemption, the Supreme Court of South Dakota, said:

That the determination of what further proceedings may be necessary to foreclose the Hale mortgage is not properly before the court in this proceeding.

That the right to forclose a mortgage by advertisement, under power of sale, is a contract right and purely statutory, and the foreclosure to vest title, must be made strictly in accordance with that statute; and cited: N. D. Horse & Cattle Co. v. Serumgard, (N. D.) 117 N .W. 453; Scott v. District Court, (N. D.) 107 N. W. 61.

WHITING, J. [1] This cause comes before us upon the return made by defendants to a writ of certiorari issued by this court and upon a motion by defendants asking a dismissal of such writ. The return to the writ shows the following, which we deem to be the only material facts for our consideration: Plaintiff Hale, being the mortgagee named in, and the holder of a certain real estate mortgage given to him by the defendants Thomson, undertook to foreclose the same by advertisement under the power of sale in such mortgage contained. The proceedings upon such foreclosure were in all things regular. Foreclosure sale was had, and Hale became the purchaser at such sale; the period for redemption had nearly expired, when the mortgagors presented an affidavit to the circuit judge and asked for an order, under section 636, C. C. P., enjoining the execution of a sheriff's deed, and requiring that all further proceedings on foreclosure be had in court. The order asked for was granted, but in the form of a court order. Defendants moved the dismissal of the writ on the ground that the order, being a court order, was appealable, and, the action of the lower court being reviewable on appeal, certiorari would not lie. Section 636, C. C. P., provides:

"Every mortgage of real property containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, in the cases and manner hereinafter specified; provided, that when the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the circuit court of the county wherein the mortgaged property is situated, that the mortgagor has a legal counterclaim or * * * other defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may by an order to that effect, enjoin the mortgagee or his assignee

from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the circuit court properly having jurisdiction of the subject-matter * * *"

This proceeding is neither an action nor a special proceeding in court. It provides a method by which a foreclosure can, at the option of the mortgagor, at the proper time and upon a proper showing, be thrown into court. The statute does not contemplate that such proceeding shall take the place of an action in equity wherein the right to equitable relief would be determined upon the issues of fact raised by pleading; the proceeding is one purely ex parte before a judge. While the order obtained may form the basis for an action or proceeding in court, in case such order should be disregarded, yet such statute does not provide for a court order. Therefore the order in question, though in form a court order, must be held to be an order of the judge, and, not being an order made in a action or special proceeding in court, it cannot be followed by an order of the court made in the same proceeding, and therefore can only be reviewed by certiorari.

[2] Plaintiff contends that the time within which relief can be granted under section 636 is confined to the time pending the sale—that after a sale has been held under a power of sale, if the mortgagor desires to restrain further proceedings, he must proceed by a proper action in court just as he would have to before sale if it were not for the proviso in section 636. The plaintiff is clearly right in such contention. This statute was enacted for the purpose: (a) Of authorizing an exercise of a power of sale, a purely statutory right; (b) to give to the mortgagor the absolute power, upon a proper showing, to prevent the exercise of such power. The moment such power has been exercised it has ceased to exist and is past restraint. If it should be thought that the wording of such statute is ambiguous, then, in order to determine what must have been the intent of the Legislature in enacting the same, we have a right to consider the results that might flow from the construction of the statute contended for by defendants. A sale held under a power of sale, where the statute has been complied with in the giving of notice, etc., is a valid sale, and passes to the purchaser a conditional equitable estate. This equitable estate is a vested estate; it will

except there be redemption—the condition to which it is subject—ripen into an absolute estate by mere lapse of time. Wood v. Conrad, 2 S. D .405, 50 N. W. 903; McGregor v. Pierce, 17 S. D. 51, 95 N. W. 281. This absolute estate entitles the holder thereof to be vested with the legal title through the sheriff's deed. Upon the sale, the mortgage debt, to the extent of the proceeds of the sale applicable to its payment, is wiped out, and ceases to exist. Take the case of a sale at which some party, other than the mortgagee, is the purchaser. Can his vested equitable estate be taken away by an ex parte proceeding? In what manner is he protected? His money has gone to the mortgagee, who may be irresponsible—perchance a resident of another state. Certainly the Legislature did not intend such a thing. To give to this statute a construction permitting of such a result would necessitate our holding it unconstitutional, as one which would take from a party his property without due proceess of law. We are of the opinion that such statute should be construed as merely giving the right to terminate the power of sale. The defendant judge having, at the time of the application for same, no power or jurisdiction to make the order sought, the proceedings therefore should be quashed, and judgment will issue to that effect, but without costs. Kirby v. Court, 10 S. D. 196, 72 N. W. 461.