DOWLING, Plaintiff, v. MEDIN, Circuit Judge, et al,
Defendants.

(195 N. W. 641.)

(File No. 5519.   Opinion filed November 1, 1923.)

1. **Motions—Orders Mortgages—Foreclosure—Order Enjoining Foreclosure by Advertisement Not Properly Made as Court Order.**

    An order pursuant to Rev. Code 1919, Sec. 2876, enjoining the foreclosure of a mortgage by advertisement, and directing that further proceedings be had in court, is not properly a "court order," but an order of the judge.

2. **Mortgages—Affidavits—Foreclosure—Affidavit Held Insufficient to Give Judge Jurisdiction Under Statute to Enjoin Foreclosure Sale.**

    In a proceeding under Rev. Code 1919, Sec. 2876, to enjoin foreclosure by advertisement, an affidavit which did not allege that affiant was the mortgagor, his agent or attorney, held insufficient to give the judge jurisdiction, thought the word "mortgagor" be conceded to include persons in privity with the original mortgagor.

Original proceeding in certiorari by A. M. Dowling against

John T. Medin, Judge of the Circuit Court, Second Judicial Circuit, and others. proceedings of defendant judge quashed.

*Cherry & Davenport,* of Sioux Falls, for Plaintiff.

Plaintiff cited: Rev. Code 1919, Sec. 2876; Hodgson v. State Finance Co., 122 N. W. 336; James River Lodge v. Campbell (S. D.), 60 N. W. 750; State ex rel Security Bank v. Buttz, 131 N. W. 241; Rev. Code, Sec. 2338; Carroll v. Fowler, 145 N. W. 5451; Plummer v. Blair, 80 N. W. 139; Grigsby v. Wopshall, 127 N. W. 605; Berry v. Howard, 146 N. W. 577; Morse v. Pickler, 134 N. W. 809; Beach v. Beach, 43 N. W. 701; Stevens v. Osgood, 100 N. W. 161.

GATES, J. [1] Alleging default in the conditions of a mortgage containing a power of sale on real property in Sioux Falls executed by Annie S. Stewart to L. E. Gage and Schoeneman Bros. Company, and the assignment of it to her, A. M. Dowling published a notice of foreclosure of the mortgage by advertisement. Before the date fixed for the sale Hon. John T. Medin, Judge of the Circuit Court of the Second judicial circuit, made an order pursuant to section 2876, Rev. Code 1919, enjoining the foreclosure by advertisement, and directing that further foreclosure proceeding be had in court. The order was erroneously made as a "court" order, but no point is made of that. State ex rel Hale v. McGee, 38 S. D. 257, 160 N. W. 1009. This is a proceeding in certiorari.

[2] The question before us is whether Judge Medin exceeded his jurisdiction in making the order. Said section 2876 provides:

*"Power of Sale in Mortgage.*—Every mortgage of real property containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, in the cases and manner hereinafter specified: Provided, that when the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the circuit court of the county wherein the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such

judge may, by an order to that effect, enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the circuit court properly having jurisdiction of the subject-matter.  *  *  * "

Plaintiff contends that the order was made without jurisdiction upon three grounds: (1) That the affidavit was not made by one authorized by statute to make it; (2) that the word "mortgagor" means either the original mortgagor or the successor in interest in the mortgaged property, but that it cannot include both in a case where the original mortgagor has parted with his interest; and (3) that the affidavit does not show facts sufficient to invoke the judicial power to enjoin the proceeding. The affidavit upon which the order was based was signed by George D. Stewart. It is not alleged in the affidavit that he was the mortgagor, nor is it alleged that he is the agent or attorney of the mortgagor. If, as construed by the North Dakota court under the like statute, the word "mortgagor" includes any person claiming title to the mortgaged premises under and in privity with the original mortgagor, yet nothing appears in the affidavit to bring George D. Stewart in that class. In Hodgson v. State Finance Co., 19 N. D. 139, 122 N. W. 336, and in Security Bank v. Buttz, 21 N. D. 540, 131 N. W. 241, the North Dakota court held that, where the maker of the affidavit was not within the class of persons mentioned in the statute, the order was improvidently granted, and should be vacated. Such is this case. The order made by Judge Medin will be vacated because of his lack of jurisdiction to make it. This disposition of the case renders it unnecessary to consider the other contentions of the plaintiff. No costs will be taxed. Kirby v. Circuit Court, 10 S. D. 196, 72 N. W. 461.

Note.—Reported in 195 N. W. 641. See, Headnote (1), American Key-Numbered Digest, Motions, Key-No. 46, Mortgages, 27 Cyc. 1458 (see 1924 Anno.); (2) Mortgages, Key-No. 338, 27 Cyc. 1457.