MULLER et al, Appellants, v. THOMPSON YARDS, INC.,
Respondent.

(203 N. W. 203.)

(File No. 5853.    Opinion filed March 27, 1925.)

**Appeal and Error—Injunctions—Foreclosure—Mortgages—Order Vacating Injunctional Order, Directing that Further Proceedings to Foreclose Mortgage After Advertisement Be Had in Circuit Court, Held Not Appealable.**

In view of Rev. Code 1919, Secs. 2561, 2592, in mortgage foreclosure proceedure by advertisement under Sec. 2876, order vacating injunction order directing that further proceedings be had in circuit court, being order of judge, though in form of court order, was not appealable.

Appeal from Circuit Court, Bon Homme County; HON. R. B. TRIPP, Judge.

Foreclosure procedure by advertisement by the Thompson Yards, Incorporated, in which Julia M. Muller and another, mortgagors, procured an injunctional order directing that further proceedings be had in circuit court. From a subsequent setting aside of such order, the mortgagors appeal. Appeal dismissed.

*Muller & Conway,* of Sioux Falls, for Appellants.

*Harry Kunkle,* of Yankton (*Clark & Henderson,* of Yankton, of counsel), for Respondent.

Respondent cited: Commercial National Bank v. Smith, 1 S. D. 28, 44 N. W. 1024.

McNENNY, Circuit Judge.    This matter comes before the court upon an order, issued at the request of the respondents, directing the appellant to show cause why the attempted appeal should not be dismissed.    On September 2, 1924, notice of foreclosure by advertisement was given by the respondent, in which it was sought to foreclose a mortgage containing a power of sale given by the appellants, Julia M. Muller and John R. Muller, to respondent's assignors.    A part of the amount mentioned in the notice, and for which the right to foreclose was claimed, was the sum of $384.08, claimed to have been paid by the holder of the mortgage and its assignors as taxes upon the mortgaged property. On October 16, 1924, two days before the date set for the sale, an affidavit setting forth facts to the effect that appellants had a

good defense and counterclaim to a portion of the indebtedness claimed in the notice was presented to Hon. R. B. Tripp, judge of the circuit court of the county in which the land was situated, and he issued an order in the form of an injunction, which was duly attested by the clerk, providing that all further proceedings be had in the circuit court. This affidavit was presented and the order made under the provisions of section 2876, Rev. Code 1919.

Upon a showing made by the respondents, Judge Tripp set aside the order made on October 16th, and from this latter order the mortgagors appeal. Upon the 24th day of February the respondent secured from this court an order directed to the appellants and requiring them to show cause on the 10th day of March, 1925, why the appeal should not be dismissed for the reasons: First, that the order which the appellants seek to review in this court is not an appealable order. Second, that the questions involved before the trial court have become moot. (The sale was postponed to and completed November 1, 1924.)

We will consider first the proposition that the order is not appealable. The statute authorizing the mortgagor to present an affidavit to the judge, and secure an injunction against foreclosure by advertisement, is a part of section 2876, Rev. Code 1919, and so far as we have been able to discover, the statute is peculiar to South Dakota and North Dakota. It, and a companion section relative to chattel mortgages, were adopted as chapters 61 and 62 of the Laws of 1883. As was said by the North Dakota court in McCann v. Mortgage Co., 3 N. D. 172, 54 N. W. 1026, the purpose of the proviso seems to have been to allow any mortgagor to prepare an affidavit and present it himself to the proper judge and then serve it. Section 2592 and 2561, Rev. Code 1919, are broad enough to include this sort of order, so that now it is necessary that the order be more formal and attested by the clerk, and filed in his office before it becomes effective. Brady v. Cooper, 46 S. D 419, 193 N. W. 246.

In every state that permits the foreclosure of mortgages by advertisement, the right to enjoin the statutory foreclosure seems to be recognized; but in all states except South and North Dakota it seems necessary to begin a regular action in equity for an injunction. Jones, in his work on mortgages (7th Ed., Vol. 3, § 1811, note 3), refers to the laws of North and South Dakota as

11—Vol. 48, S. D.

furnishing a special method in these states. The right of the Legisalture to say how far, and when the power of sale in a mortgage can be exercised, has usually been conceded. It is a statutory proceeding, and the Legislature has the authority to prescribe such limitations as it deems fit. Beiseker v. Svendsgaard, 28 N. D. 366, 149 N. W. 352.

The courts of North and South Dakota have been called upon to pass upon this statute a number of times. The first case is the case of Commercial Bank v. Smith, 1 S. D. 28, 44 N. W. 1024. That case recognized the peculiar character of the statute, but held only that it was an ex parte proceeding, and that counter affidavits would not be considered by the judge upon the application for the injunction. The court also held that the order granting or refusing the injunction was not appealable and dismissed the attempted appeal. The section next came before this court in James River Lodge v. Campbell, 6 S. D. 157, 60 N. W. 750. That case came to this court on petition for a writ of certiorari. In that case the mortgagee had come before the judge and confessed the error claimed by the mortgagor. The judge thereupon dissolved the injunction. This court in its opinion (page 159 [60 N. W. 750]) say:

"To properly ascertain and fix the amount in case of dispute is, in this respect, the only object in carrying the proceedings into court. To justify the judge in making the order on that account, he must be satisfied that the mortgagor, in good faith, disputes the amount claimed. The right to have the foreclosure proceedings transferred to the court rests upon the fact of an apparent defense in whole or in part to the claim made by the holder of the mortgage. If the judge should misread or misinterpret the effect of the mortgagor's affidavit, and make the order, his power under the statute ought not to be held functus officio, and the order irrevocable. McCan v. Investment Co., (N. D.), 54 N. W. 1030. So, too, if he properly make the order, and subsequently, and before the status of the parties is in any manner changed, he is judicially satisfied that the dispute as to the amount no longer exists, we think he has power to, and may properly, vacate or set aside his former order."

And again the court say:

"We do not mean that the judge may then determine that

there ought to be no dispute, upon his judgment that upon the question of fact one party is right and the other is wrong, for it is not the purpose of the statute to have such a question of fact litigated before the judge in this proceeding; but where, upon the showing of both parties, there is no longer any disagreement between them, it would seem to be sticking too closely to the exact letter of the statute to hold that upon such a showing he is powerless to do what he would have done in the first instance if such facts had then been known to him."

And again, on page 160 (60 N. W. 751), the court say:

"These views, if correct, lead to the conclusion that when the judge became judicially satisfied that there was no longer any dispute between the parties, nothing to be litigated, and no reason for the proceeding going into court, he had power to, and might properly, vacate the order which he made on the ground that there was a dispute. While the question is not entirely clear of doubt, we adopt this conclusion as best calculated to conserve the rights of all, and at the same time accomplish the very evident object of the statute. The writ is denied."

The next case in which the statute is construed seems to have been State ex rel Hale v. McGee, 38 S. D. 257, 160 N. W. 1009. That case also came to this court upon a writ of certiorari and a motion was made to discharge the writ on the ground that the matter was appealable. The order upon its face purported to be a court order. In the opinion, written by Justice Whiting, the court, referring to the affidavit and order provided for in section 2876, say:

" * * * [The] proceeding is neither an action nor a special proceeding in court. * * * Therefore the order in question, though in form a court order, must be held to be an order of the judge, and, not being an order made in an action or special proceeding in court, it cannot be followed by an order of the court made in the same proceeding, and therefore can only be reviewed by certiorari."

Continuing, the court say:

"This statute was enacted for the purpose: (a) Of authorizing an exercise of a power of sale, a purely statutory right; (b) to give to the mortgagor the absolute power, upon a proper showing, to prevent the exercise of such power. The moment such

power has been exercised it has ceased to exist and is past restraint."

The court did not undertake to distinguish the case of James River Lodge v. Campbell, supra.

The matter was next considered by this court in Brady v. Cooper, 46 S. D. 419, 193 N. W. 246, where the court held that the statute of 1901 applied to this kind of an order and that the order was not complete until attested and filed by the clerk, and a violation of the order before it was complete did not affect the foreclosure. In Dowling v. Medin, 46 S. D. 639, 195 N. W. 641, the circuit judge issued a restraining order, and upon the matter having been brought before this court by write of certiorari it was held that the affidavit did not vest the judge with authority to issue the restraining order.

In North Dakota the first case in which the statute was considered was McCann v. Mortgage Co., 3 N. D. 172, 54 N. W. 1026. In that case there was an affidavit filed with the district judge, and an injunction issued restraining the foreclosure of the mortgage by advertisement. Subsequently a motion was made to the court to vacate the injunction which was brought on upon notice, and after hearing both sides the application to vacate was denied. The moving party excepted, and appealed to this court. No motion was made to dismiss the appeal, and the court considered the matter on its merits, and affirmed the decision of the trial court in refusing to set aside the injunction of the judge. The court in the opinion say:

" * * * The proceeding * * * in question cannot be assimilated to, or classed with, the remedy by injunction. * * * It would follow * * * that the rules of pleading, practice, and procedure which obtain in civil actions of an equitable nature do not necessarily apply to this proceeding, nor would an appeal, in our judgment, lie in this case from the order of court refusing to set aside the judge's order, under subdivision 3, § 24, c. 120, Laws 1891. The question of the appealability of the order appealed from is not discussed by counsel, nor shall we decisively pass upon it here, further than to say that the appeal can be sustained, if at all, only as an appeal from 'a final order affecting a substantial right, made in a special proceeding.'

The court there intimates that a subsequent application either

to the court or judge is improper, and after citing with approval the South Dakota case of Bank v. Smith, supra, say:

"If the facts embodied in the affidavit made by the mortgagor * * * cannot be controverted before the judge makes his order, we certainly can see no valid reason why the controversy should be opened later, and after the foreclosure proceeding has been arrested. The entire scope of the statute is to clothe the proper judge of the district court with authority, at his discretion, to act fully and finally in the premises and to take such action upon an ex parte showing. We do not wish to be understood, however, as holding or intimating that, if such an order is made improvidently, it cannot be vacated by the judge who made it, either upon application made by the mortgagee, or upon the judge's own motion; but we do say that in our opinion no affidavits can be read upon such application, tending to rebut the showing made by the mortgagor as to his alleged defense or counterclaim."

The court also holds that the affidavit can easily be written by a layman and presented to the proper judge and served by the same person. The court in that case was discussing section 5411, Compiled Laws Territory of Dakota, and the proviso contained in that section, which is now section 2876, Rev. Code 1919.

The Supreme Court of North Dakota next considered the matter in Tracy v. Scott, 13 S. D. 577, 101 N. W. 905. In that case the procedure was identical with the procedure in this case, with the exception that the trial court there refused to set aside the injunctional order, and there was an appeal from the second order, as in this case. The court there held that the proceeding was not a "special proceeding" as provided for by the statute, discussed the case of McCann v. Mortgage Co., and sustained the motion to dismiss the appeal. In Hodgson v. State Finance Co., 19 N. D. 130, 122 N. W. 336, the court passed upon the sufficinecy of the affidavit presented for the original injunction and reached practically the same conclusion that this court reached in Dowling v. Medin, supra.

The North Dakota court again passed upon the proposition in Beiseker v. Svendsgaard, 29 N. D. 366, 149 N. W. 352. In that case they held that chapter 79 of the Laws 1907, North Dakota, applied to an order made under the statute, and that by

virtue of that law an appeal could be taken. That court also cited and distinguished Tracy v. Scott, and McCann v. Mortgage Co., supra, as having been decided before the law of 1907, permitting the appeal, was enacted.

The courts of North and South Dakota in passing upon this statute did not always consider the decisions of the other carefully in each case, but both courts finally reached practically the same conclusion. North Dakota has a statute different from this state, in that it provides that all orders made by a judge are to be considered the same as court orders. State v. Buttz, 21 N. D. 540, 131 N. W. 241; Tracy v. Scott, supra. Both courts practically hold that the proceeding is neither an action nor a special proceeding, but that it is a power reposed in the circuit judge by the Legislature for a special purpose; that the granting of the order in the first place is largely discretionary and must be granted or refused as an ex parte proceeding; and that no appeal lies from the action of the judge.

The practice in South Dakota has probably been confused to some extent by a misapprehension as to the holding of this court in Black Hills Flume & Mining Co. v. Grand Island, etc., 2 S. D. 546, 51 N. W. 342; Holden v. Haserodt, 3 S. D. 4, 51 N. W. 340; Brown v. Edmunds, 5 S. D. 508, 59 N. W. 731; and other cases along the same line. These cases in effect held that certain orders when issued by the judge were not appealable, and that the proper practice was to make a motion before the court to vacate the order of the judge, and from the order of the court made in such proceeding an appeal or writ of error would lie. But all of these cases were restricted to the class of orders made by the judge which might in the first instance have been made by the court, and if so made appealed. In Black Hills Flume Co. v Grand Island, supra, the court discusses the provisions of Constitution, art. 5, § 18, providing that writs of error and appeals may be allowed from the decisions of the circuit courts to the Supreme Court, and cited with approval State v. Brownell, 80 Wis. 563, 50 N. W. 413, where it is held:

"* * * The Legislature could not authorize appeals from orders of a circuit judge at chambers; that the appellate jurisdiction conferred on this court by the Constitution was designed only for a review of the decisions of courts."

The constitutional provision of Wisconsin and South Dakota upon this class of appeals is substantially the same.

We are therefore of the opinion that the order purporting to have been made by the court vacating the injunctional order of the judge, though in form an order of the court, was an order of the judge, and that an appeal will not lie from such an order any more than from the order of the judge granting or refusing an injunction in the first instance.

The motion to dismiss the appeal is therefore granted.

McNENNY, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 203 N. W. 203. See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 71(3), 3 C. J. Sec. 402.