BARGMANN, et al, Appellants, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.

(244 N. W. 325.)

(File No. 7438. Opinion filed September 27, 1932.)

*H. Van Ruschen,* of Salem, for Appellants.
*Caldwell & Burns,* of Sioux Falls, for Respondent.

CAMPBELL, P. J. Respondent held a real estate mortgage executed by appellants and started the foreclosure thereof by advertisement. Appellants applied to the circuit court of McCook county, wherein the realty was situated, for an order enjoining the mortgagee from foreclosing such mortgage by advertisement and directing that all further proceedings for the foreclosure thereof be had in the circuit court. The circuit court refused to issue the injunctional order requested by appellants, and from an order denying their said application they immediately, and the next day, perfected an appeal to this court, furnishing no undertaking upon the appeal save only that for costs required by section 3150, R. C. 1919. A day or two later, the day fixed in the notice as published for the sale of the premises upon foreclosure pursuant to advertisement being reached, respondent, at the time and place set forth in its notice of sale, made the sale and certificate of sale issued. Thereafter respondent moved in this court for the dismissal of the appeal upon the ground that the same has become moot, and that any determination thereof by this court would be ineffective for any purpose.

The law of both Dakotas has known foreclosure of real estate mortgages by advertisement from early territorial days, and provision has long existed in the law of both states for the removal of such proceedings into the circuit court under certain circumstances. This removal provision originated as chapter 61, Laws Dak. 1883, reading as follows: "Provided, That when the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney, to the satisfaction of the Judge of the District Court of the county where the mortgaged property is situated, that the mortgagor has a legal counter-claim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may by an order to that effect enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the District Court properly having jurisdiction of the subject matter; and for the purpose of carrying out the provision of this act, service may be made upon the attorney or agent of the mortgagee or assignee."

The law continued unchanged on the point in this state (section

5411, Comp. Laws 1887; section 636, R. C. Civ. Proc. 1903; section 2876, R. C. 1919) until amendment thereof by chapter 163, Laws 1927, to read as follows:

"Provided, that when the mortgagee, his personal representative, or assignee, has commenced foreclosure by advertisement, the mortgagor, or his successor in interest, may apply to the Circuit Court of the county where the mortgaged property, or a part thereof, is located, for an order enjoining such foreclosure. Such application shall be in writing duly verified by the applicant, his agent, or attorney, and shall set forth the grounds upon which the applicant will rely for the injunction sought.

"The court shall upon presentation of such petition, issue its order to show cause setting a time and place for the hearing of said petition. Upon such hearing, if the Court is satisfied that the mortgagor, or his successor in interest, has a legal counter-claim or any other valid defense against the collection of the whole or any amount claimed to be due on such mortgage, the Court may in its discretion by an order to that effect, enjoin the mortgagee, his heirs, personal representatives, or assigns, as the case may be, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage, be had in the circuit court properly having jurisdiction of the subject matter; provided further, that for the purpose of carrying out the provisions of the section, service may be made upon the attorney or agent of the mortgagee, his heirs, personal representative, or assigns."

■■ Prior to the 1927 amendment, it was always held in this state that the action of the court (or the judge thereof) when this section of the statute was invoked could not be reviewed upon appeal. Commercial Nat. Bk. v. Smith (1890) 1 S. D. 28, 44 N. W. 1024; State ex rel Hale v. McGee (1917) 38 S. D. 257, 160 N. W. 1009; Dowling v. Medin (1923) 46 S. D. 639, 195 N. W. 641; Muller v. Thompson Yards (1925) 48 S. D. 160, 203 N. W. 203. Such also was the rule in North Dakota under appeal statutes practically identical with our own. McCann v. Mtg., etc., Co. (1892) 3 N. D. 172, 54 N. W. 1026; Tracy v. Scott (1904) 13 N. D. 577, 101 N. W. 905. (Note that by legislative act of North Dakota in 1907 [chapter 79, Laws 1907] their appeal statute was

amended so as to include these particular orders as appealable by specific reference thereto. Subdivision 3, § 7841, Comp. Laws N. D. 1913. See, also, Beiseker v. Svendsgaard (1914) 28 N. D. 366, 149 N. W. 352. Consequently North Dakota decisions subsequent to 1907 are not in point.) The question then arises whether the appealability of such order was in any manner affected by the 1927 amendment. The only change in the law by that amendment was that the order was made a court order (if for these purposes any valid distinction should exist between a court order and a judge's order), and it was to be granted only upon notice and hearing instead of ex parte. It is true that the South Dakota decisions above set out base the nonappealability of such order upon the point that it is a mere judge's order as distinguished from a court order.

No such distinction could be drawn in North Dakota, however (as pointed out in Tracy v. Scott, supra), and nevertheless the North Dakota courts held the order nonappealable, and we think they were correct in so deciding. Appeal with us is a statutory matter, and no order (lacking a specific individual provision for its appeal) is appealable unless it can be brought within some of the subdivisions of section 3168, R. C. 1919. The order in question might be argued to be appealable under subdivisions 2, 3, or 5 of that section. The North Dakota court has held (Tracy v. Scott, supra), and we have also held, that the removal of foreclosure by advertisement to the circuit court in certain cases under this statute does not constitute either an action or a special proceeding as defined by sections 2090-2092, R. C. 1919. See State ex rel Hale v. McGee, supra. The order consequently is not appealable under subdivision 2, providing for the appeal of a "final order affecting a substantial right, made in special proceedings." Neither do we think that the order in question "grants, refuses, modifies or dissolves an injunction" within the contemplation of subdivision 3 of the appeal statute. Tracy v. Scott, supra. Nor is it appealable under subdivision 5 of the appeal statute. Muller v. Thompson Yards, supra.

We think this court was correct in holding prior to the amendment of 1927 that the order in question was not appealable, and it is not material that the reason assigned for so holding was the fact that the order was a judge's order. The same result should have

been arrived at (and doubtless would have been) even had the order been a court order, as was in substance the situation in North Dakota, where by statute all distinctions between court orders and judge's orders were abolished. We therefore see nothing in the amendment of 1927 making the order a court order and providing for hearing to make the action of the court upon such an application appealable where previously it had been non-appealable. The nonappealability of the order being a jurisdictional point, we prefer to base our decision thereon rather than upon the grounds urged in the motion which become unnecessary for decision and in fact cannot be considered by this court, if the order is nonappealable.

The attempted appeal is therefore dismissed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.